Mr. Justice Walker delivered the opinion of the Court. The record presents no question for our consideration except that which relates to the admissibility of the evidence offered to sustain the issue on the plea of limitation. The replication to the plea of limitation is based upon the statutory provision that where a suit is brought within three years after the cause of action has accrued and a non-suit shall be suffered thereon, the plaintiff may, within twelve months after such non-suit re-commence such action. To this replication the defendants’ rejoined, first, mil tiel record ; second, that no such action was commenced within three years; third, that the cause of action in this is not the same as in the first action ; fourth, that the parties in the two actions are not the same. The last three rejoinders concluded to the country; issue on the first, nul tiel record, was submitted to the court and judgment for the defendants. The question is, was the record evidence offered sufficient to sustain this issue ? The alleged ground of variance is, that the writ which issued in the first action is described in the replication as a writ directed to the sheriff, whilst that offered in evidence is directed to the coroner. This objection, if sustainable, must be sustained on the ground that it is descriptive of a material fact in the pleadings, and although such pleading would have been sufficient without this circumstantial descriptive averment, yet it cannot be disregarded as surplusage; and the party must be held to proof corresponding with such averment. The general rule is that no allegation which is descriptive of any matter of fact essential to the claim or charge, can be altogether rejected inasmuch as a variance destroys the legal identity of the claim or charge alleged with that proven. (3 Stark. Ev. 1531.) This general rule however is more particularly applicable to descriptions of specialties which are the foundation of the action, than such as are referred to as inducement to the action or defence; and the rule in regard to strictness in proof for this purpose is much relaxed. And also in allegations in matter of substance and allegations of matter of description, the same strictness is not observed. Thus, in the latter class of cases, it has been held that in an action for malicious prosecution, the day of the plaintiff’s acquittal is not material; neither is the term in which the judgment was recovered, a material allegation in an action against a sheriff for a false return on the writ of execution: for in both these cases the record is alleged by way of inducement only, and not as the foundation of the action, and therefore literal proof is not required. So, in an indictment for perjury, where the allegation was, that the bill was addressed to Robert Lord Henley and the proof was of a bill addressed to Sir Robert Henley Kt., it was held no variance, the substance being that it was addressed to the person holding the great seal. (1 Greenl. Ev. 143.) And in an action for bribery, the declaration alleged a precept to the Mayor and the evidence was a precept to the Mayor and Bur-gesses, the variance was held immaterial, for the substance was proven, the Mayor, being the proper officer, the precept was well addressed to him. 1 Term Rep. 239. In the case before us the issue was limitation or no limitation. In bringing the case within the exception of the statute, the institution of a former suit came in question: the pleader with unnecessary certainty described the writ and its direction, no reference whatever to the officer to whom directed need have been made, and in describing it as directed to one officer when the proof showed it was directed to another, either of whom it is admitted was competent to execute a writ, consists the variance. We think the proof sufficient. As well remarked by the court in the case of perjury, where the writ was directed to Robt. Lord Henley instead of Robt. Henley Kt., and in the case where the writ was directed to the Mayor instead of the Mayor and Burgesses as appeared in evidence, these are immaterial variances, for the reason that they were addressed to a person competent to act. There was then no fatal variance between the allegation and the proof in this respect. The next alleged variance is that the judgment in the replication is described as a judgment of non-suit, whilst that offered in evidence is a judgment of dismissal. This involves a construction of the act under which the plaintiff claims to except his case out of the general provisions of the limitation law. The legislature has said that when suit shall be commenced and the plaintiff shall suffer a non-suit he may renew his action within twelve months from the time of such non-suit. Was it the object of the legislature by this act to favor suitors who elected to take a non-suit to the exclusion of suitors, who for other cause should have their suits dismissed from court without having had their rights litigated and who might as well renew their actions as if non-suit had been taken ? It so it is difficult to perceive from what motive or consideration. On the other hand it is quite apparent that the intention of the framers of the act was to secure that class of suitors from loss who, from causes incident to the administration of the law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action, yet undetermined, by giving them a reasonable time in which to renew such'action. Note (a.) — The record of the former suit offered in evidence shows that the plaintiff was ruled to file a bond for costs on or before a particular day, and on failure to do so, the case was dismissed by the court, on defendant’s motion. — Repoetee. There is no substantial difference between the two judgments. In the one instance the plaintiff usually indicates a willingness to withdraw his action; in the other the court acts without such intimation. The effect of the judgments is the same. Both leave the plaintiff with a cause of action undetermined, which he may at his pleasure assert. This view of the case is fully sustained by the supreme court of Illinois in the esse of McKinney vs. French, 1 Scammon 152, and 7 Porter 37. Both these cases assume that in legal effect the judgments are the same. We cannot indulge the technical construction contended for by the defendants, but must adopt the more enlarged sense which will embrace all judgments which, in legal effect, are the same. The remedy was evidently intended to be co-extensive with the evil, and will be so held unless some sensible reason to the contrary can be shown. In this view, in our opinion, there was no variance ; nor is there any variance between the causes of action or the parties worthy of consideration.(a.) The circuit court erred in rejecting the record as evidence and rendering judgment against the plaintiff. Let the judgment be reversed and the cause be remanded to be proceeded in according to law.