121 So.2d 116

**Roy FLEMINGS**

v.

**STATE.**

6 Div. 766.

Court of Appeals of Alabama.

May 31, 1960.

R. G. Redden, Vernon, for appellant.

MacDonald Gallion, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

There was forwarded to this court on 14 March 1960, a purported record in the above styled matter.

The pages of this purported record are held together by three removable paper fasteners only, rather than being bound by tape and forwarded under the certificate of the clerk below as required by Sec. 379, Tit. 15, Code of Alabama 1940.

There appears in the back of this purported record a "Clerk's Certificate of Appeal," which is a combined certificate of appeal and certification of the record. This instrument is, however, unsigned.

No certificate of appeal was ever forwarded to the clerk of this court in connection with this case nor is any valid certificate of appeal to be found in the purported record.

There is therefore nothing before us in any wise invoking the jurisdiction of this court.

The Attorney General has filed a motion to strike this record because of some six substantial defects therein. That the record was not timely filed in this court is one of the grounds. If it could be considered that the record were before this court, the motion of the Attorney General would be well taken. However, as before stated, the motion is due to be denied in that there is nothing before us that can be said to invoke the jurisdiction of this court and review by us. The court will, however, enter an order striking this cause from our dockets. See Gullatt v. State, 16 Ala.App. 471, 79 So. 145.

In reply to the Attorney General's motion to strike this record, counsel for appellant has filed a petition requesting that we return the purported record to the clerk below in order that the clerk might properly authenticate it. In reply to this petition by counsel for the appellant, the Attorney General has filed a motion to strike the petition, and in said motion points out that even should the petition to return the record for authentication be granted, such authenticated record would have to be stricken since it was not, and could not be, timely filed in this court.

In looking at the purported record before us, we note that the transcript of the evidence is certified by the court reporter, and was filed with the clerk below on the 10th of August 1959.

The full record therefore should have been filed in this court within 60 days of that date, unless an additional 30 days extension be granted by the trial court. In no event, however, could such an extension of time project the time for filing the transcript beyond 90 days from the date of the filing of the transcript of the evidence with the clerk below. Sup.Ct. Rule 37, Code 1940, Tit. 7 Appendix.

On 23 October 1959, the court below entered an order providing: "The time of appeal is extended 30 days from this date." By a series of subsequent orders the original order was extended to March 3, 1960.

The court below, of course, had no power to extend the time within which an appeal must be perfected. Such matters are provided for by statute. If, therefore, the court meant literally what is clearly indicated by its order, then such order was beyond the power of the court and void.

If the order be construed to mean that the court was attempting to extend the time for filing the full record in this court, then the lower court has exceeded its power since it could not extend this time beyond 90 days from 10 August 1959, whereas the extension covered a period of more than six months. The court's order therefore, even if a tortured construction be placed upon it, is coram non judice and void.

Cause stricken from docket.