Wyatt et. al. *vs.* Judge et. al.

WYATT et. al. VS. JUDGE et. al.

1. Where a justice of the peace entered a judgment against a plaintiff, who failed to appear and prosecute his claim, in the words following, to wit: "Judgment vs. plaintiff, by default for costs," and signed by the magistrate,—it was held, that the judgment was not void for want of form, but that it was to be understood as a judgment of nonsuit against plaintiff, for not appearing to prosecute his suit.

2. Where the merits of a case are not considered by a justice of the peace, the justice may immediately issue fresh process, and proceed to final judgment.

3. An appeal, or writ of error, lies only upon a judgment or final sentence of a court, and therefore where the judgment of a justice of the peace is not decisive of a plaintiff's case, an appeal will not lie to the Circuit court.

4. If an objection to the jurisdiction be not taken in the Circuit court, on an appeal from a magistrate, yet the Supreme court will do what the court below should have done, nor does a wrong reason given by the Circuit court for its judgment in such a case of appeal, necessarily authorize the reversal of the judgment by the Supreme court.

5. A want of jurisdiction of the subject matter is not aided by a plea to the merits, and is available in the appellate court: and the consent of parties, whether express or implied, cannot give jurisdiction.

Error to the Circuit court of Autauga county.

William F. Hansford, a justice of the peace of Autauga county, issued a notice, addressed to Henry B. Judge, a constable of that county, and his securities in office, reciting, that the plaintiffs had theretofore recovered a judgment against John A. Whetstone, for the sum of

Wyatt et. al. *vs.* Judge et. al.

twenty-eight dollars and fifty cents debt, and one dollar thirty-one cents costs, before David Golightly, a justice of the peace for the same county :—that execution was issued thereon, and placed in the hands of Judge, which he was required to execute and return, according to law ; and though the day of its return was past, yet the mandate of the execution had not been obeyed : The notice then informed the constable and his sureties that a motion would be made, before the justice issuing the notice, at a time and place therein appointed, for a judgment for the debt and costs founded on the default of the former as above stated.    At the time expressed in the notice, the justice rendered a judgment against the plaintiff in these words :

" William Wyatt, and others,

vs.

Henry B. Judge, and others.

Judgment vs. plaintiff by default for costs, eighty-one and one fourth cents.

William F. Hansford, J. P."

From this judgment, the plaintiffs appealed to the Circuit court of Autauga, where the defendants demurred to the notice ; and the demurrer being sustained, the plaintiffs sued a writ of error to this court.

*George Goldthwaite*, for the plaintiffs in error.
*Dargan*, contra.

COLLIER, C. J.—Without pretending to inquire into the sufficiency of the notice, we think the record shows that the Circuit court had no jurisdiction of the case.

Wyatt et. al. *vs.* Judge et. al.

The judgment entered by the justice was certainly very informal, yet perhaps not more so, than we should *often expect* from a body of magistrates, *usually selected*, not with a regard to legal learning, but for their integrity and practical intelligence. By the "*default*" of the plaintiff, we are to understand that he did not appear to prosecute his notice, in the same manner, as by the defendants "*default*," he is said to come not and make defence : thus interpreted, the judgment rendered by the justice must be understood to be a *nonsuit*. The merits of the plaintiffs case, then, not being considered, he might immediately have issued another notice, and have proceeded to judgment against the defendants if the proof authorized it. If the judgment was not decisive of the plaintiffs case, we think it clear that it could not have been appealed from, otherwise the strange anomaly would follow, that two suits for the same cause might be prosecuted in two distinct tribunals at the same time —the one before a primary, and the other before an appellate court. It has been determined not only here, but in all other revising courts, so far as our researches extend, that a writ of error or appeal lies only upon a final sentence or judgment. And we can discover no reason why this rule should not apply to appeals from justices of the peace, unless it could be shewn that there, judgments must be final, even where the plaintiff does not appear to prosecute his demand.

It may perhaps be thought, that inasmuch as this objection was not expressly made in the Circuit court, it should not be regarded here. We understand the law to be otherwise. It was the duty of the Circuit court

*mero motu* to have repudiated the appeal—Sweet vs. Dow, (1 Root's R. 409; S. P. 410-458;) and Williams vs Holcombe, (1 Car. Law Rep. 365.)—and it is certainly our duty to do what that court should have done. Suppose we were to reverse the judgment on the ground that the demurrer to the notice should have been overruled, we could not remand the cause to a court that could render no judgment upon the matters in controversy. But conceding that the judgment of the Circuit court is founded upon an assumption which the law does not approve, yet inasmuch as that court should have dismissed the case, a wrong reason for its judgment does not authorize its reversal—Purnell et. al. vs Hogan, (5 Stew. & Por. 192;) Dawson vs Turner, (ibid, 195;) McGrew vs Toulmin, (2 Stew. & Por. 428.)

In Richardson vs Denison, (1 Aik. R. 210,) it was held that the want of jurisdiction was allowable in the appellate court, though not made below. To S. P. Cleveland vs Hopkins, (2 Aik. R. 394)—so in Eaton vs Houghton, (1 Aik. R. 380)—a want of jurisdiction of the subject matter was determined not to be aided by a plea to the merits. And the true doctrine is, that consent, whether express or implied, cannot give jurisdiction. Satisfied that the Circuit court should not have entertained the case, its judgment must be affirmed.

GOLDTHWAITE, J.—Not sitting.