(97 South. 777)

### STATE ex rel. ATTY. GEN. v. BREWER, Circuit Judge. (5 Div. 457.)

(Court of Appeals of Alabama. June 5, 1923. Rehearing Denied June 30, 1923.)

**1. Mandamus ☞61—State may file petition for writ requiring trial judge in criminal case to vacate void order which he refuses to set aside.**

The state, on the relation of the Attorney General, may file a petition in a criminal case for a writ of mandamus to a trial judge requiring him to vacate a void order, and may show that the trial court refused on motion subsequently made to set such order aside.

**2. Criminal law ☞1083—After appeal by defendant trial court cannot grant new trial.**

After an appeal has been taken by defendant in a criminal case, as provided in Acts 1919, p. 86, § 7, jurisdiction is transferred from the circuit court to the Supreme Court, and the trial court is without authority to entertain a motion for new trial, and, if it grants a new trial, its action is void.

**3. Mandamus ☞53—Writ lies to require trial judge to vacate void order or decree.**

Mandamus will be awarded to require a trial judge to vacate and annul a void order or decree.

**4. Criminal law ☞1083—State cannot by consent give jurisdiction to trial court to grant new trial after defendant has appealed.**

Where, in a criminal prosecution, the trial court had lost jurisdiction by appeal taken to the Supreme Court, that the solicitor representing the state was present at the hearing of a motion for new trial thereafter made and consented thereto, did not give the trial court jurisdiction, since consent, whether express or implied, cannot give jurisdiction.

Original petition by the State of Alabama, on the relation of its Attorney General, for mandamus to Hon. S. L. Brewer, as Judge of the Fifth Judicial Circuit. Writ awarded.

Certiorari denied by Supreme Court in Ex parte Brewer, Judge, 210 Ala. 229, 97 South. 778.

Harwell G. Davis, Atty. Gen., C. H. Vann, Sol. Fifth circuit, of Roanoke, and F. Loyd Tate, of Wetumpka, for petitioner.

No appeal lies from a void judgment; mandamus is the proper remedy in this case. Ex parte Dew, 7 Ala. App. 437, 62 South. 261; Ex parte State ex rel. Attorney General, 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20; Pinney v. Williams, 69 Ala. 311. A trial court is without jurisdiction to hear a motion for new trial after an appeal has been taken. Sherman v. State, 15 Ala. App. 175, 72 South. 755; Hudson v. Bauer Grd. Co., 105 Ala. 203, 16 South. 693; De Bardeleben v. State, 16 Ala. App. 367, 77 South. 981; Carter v. State, 18 Ala. App. 624, 93 South. 228; Acts 1919, p. 86; Acts 1915, p. 708.

Jas. W. Strother, of Dadeville, for respondent.

The state's solicitor consented to the action, and should not now be permitted to repudiate it. 16 Cyc. 791; Harris v. Amer. B. & L. Ass'n, 122 Ala. 545, 25 South. 200; Harrison v. Pool, 16 Ala. 167; Pool v. Harrison, 18 Ala. 514; McCaa v. Woolf, 42 Ala. 389; Diggs v. State, 49 Ala. 312; Sly v. Hunt, 159 Mass. 151, 34 N. E. 187, 21 L. R. A. 680, 38 Am. St. Rep. 403; Davis v. Collier, 13 Ga. 485; Gavin v. Graydon, 41 Ind. 559; Reid's Adm'r v. Benge, 112 Ky. 810, 66 S. W. 997, 57 L. R. A. 253, 99 Am. St. Rep. 334.

FOSTER, J. This is a petition for the writ of mandamus to the judge of the Fifth judicial circuit to require him to vacate and annul an order or decree entered by him on November 24, 1922, granting the defendant a new trial in the case of State v. James R. Caldwell. On October 6, 1922, the defendant was tried by a jury in the circuit court of Tallapoosa county (Hon. S. L. Brewer, judge of the Fifth judicial circuit, presiding), convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary of the state for a term of one year and one day. At the time of the rendition of the judgment and the sentence the defendant gave notice of appeal, and an entry of record was made as follows: "From this judgment and sentence of the court defendant appeals."

The record also shows the following entry: "It is further considered and adjudged that the execution of the sentence in this cause be suspended pending said appeal."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the same day the defendant executed and filed with the circuit clerk an appeal bond in the amount fixed by the trial court, conditioned as required by law, approved by the sheriff, containing, among other recitals: "The said James R. Caldwell has taken an appeal from said judgment of conviction in said cause to the Court of Appeals of Alabama."

On the same day, but after sentence and appeal, the defendant filed a motion for a new trial, and the presiding judge entered on the docket "motion continued."

On November 24, 1922, the presiding judge made the following entry on the motion docket: "On consideration of said motion and the evidence offered the motion is granted."

The answer of respondent shows that the solicitor of the Fifth judicial circuit had notice of the time of the hearing of said motion; that he made no objection to the action of the trial judge in granting said motion, but consented thereto, stating that he thought the defendant should not have been convicted. Counsel for the respondent insists that the state should not now be permitted to repudiate the action of the solicitor, who was representing the state in the circuit court.

On January 23, 1923, a motion was filed in the circuit court by Judge Tate, of counsel for the state, to vacate and annul the order of the trial judge dated November 24, 1922, granting the defendant's motion for a new trial. The court overruled this motion. The state has no appeal from this judgment of the court.

[1] The state, on the relation of the Attorney General, may file petition in this case for writ of mandamus to the judge of the Fifth judicial circuit, requiring him to vacate a void order made on November 24, 1922, and may show that the trial court refused, on motion made January 23, 1923, to set aside such order.

The applicable part of section 7 of the act of the Legislature regulating the manner of taking appeals reads:

"That appeals in criminal cases must be taken at the time of sentence or confession of judgment or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered." _Acts 1919, p. 86.

At the time of the rendition of judgment an entry of record was made that defendant appealed from the judgment and execution of judgment, and sentence was suspended pending such appeal. An appeal was taken on October 6, 1922, the date of the rendition of the judgment. Carter v. State, 18 Ala.

App. 624, 93 South. 228; Sherman v. State, 15 Ala. App. 175, 72 South. 755.

[2] After an appeal was taken by the defendant in the manner provided for by the statute, jurisdiction was transferred from the circuit court to this court, and the trial court was without authority to entertain a motion for a new trial. Sherman v. State, 15 Ala. App. 175, 72 South. 755, and cases cited.

The action of the court in granting a new trial after the cause had been removed to the Court of Appeals was void. Sherman v. State, supra; Hudson v. Bauer Grocery Co., 105 Ala. 203, 16 South. 693.

[3] Mandamus will be awarded to require a trial judge to vacate and annul a void order or decree. State ex rel. Attorney General v. Judge Eighth Judicial Circuit, 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20; Pinney v. Williams, 69 Ala. 311.

[4] The trial court lost jurisdiction of the case when an appeal was taken to this court, and the presence of the solicitor representing the state at the hearing of the motion for new trial, and his consent that same be granted, did not give the trial court jurisdiction.

Consent, whether express or implied, cannot give jurisdiction. Wyatt v. Judge, 7 Port. 37; State ex rel. Savary v. Caroline, 20 Ala. 19. See Quasi Estoppel, Bouvier's Law Dic. p. 1084.

The defendant on October 6, 1922, complied with all the requirements of the statute for taking an appeal to this court; jurisdiction of the case was transferred to this court, and the order of the trial judge entered on November 24, 1922, granting a new trial was void.

Let the writ of mandamus as prayed for be awarded.