71 So.2d 12

## ALABAMA PUBLIC SERVICE COMMISSION

### v.

### McGILL.

3 Div. 676.

Supreme Court of Alabama.

March 4, 1954.

Si Garrett, Atty. Gen., M. Roland Nachman, Jr., Asst. Atty. Gen., for appellant.

Maurice F. Bishop, Birmingham, for protestants.

362

R. B. Wilkins, Birmingham, and John R. Matthews, Jr., Montgomery, for appellee.

LAWSON, Justice.

On May 12, 1953, the Alabama Public Service Commission, hereafter referred to as the Commission, entered its order denying the application of Luther McGill for a certificate of convenience and necessity to operate as a contract carrier of freight over the highways of this state.

Thereafter, on June 17, 1953, Luther McGill filed with the Commission a bond for security of cost of appeal to the circuit court of Montgomery County, in equity, hereafter referred to as the circuit court. The Commission approved the bond on the day it was filed.

On July 31, 1953, the circuit court rendered its decree setting aside the order of the Commission under date of May 12, 1953, and remanded the cause to the Commission.

From the decree of July 31, 1953. The Commission has attempted to appeal to this court.

■ A motion to dismiss the appeal is not insisted on, but if the decree of the circuit court is not appealable we must dismiss the appeal without a motion. Herren v. Beck, 231 Ala. 328, 164 So. 904; Holland v. Dwight Mfg. Co., 231 Ala. 506, 165 So. 756; Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863; Petcher v. Nelson, 247 Ala. 301, 24 So.2d 129; Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144; Ramsey v. Wilkins, 253 Ala. 614, 46 So.2d 407. A judgment or decree void for want of jurisdiction is not appealable. Boozer v. Boozer, supra; Craig v. Root, 247 Ala. 479, 25 So.2d 147; Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865; Osbourn v. LoBue, 256 Ala. 121, 53 So.2d 610.

■ The circuit court sitting as a court of review in the exercise of its special statutory and limited jurisdiction was without jurisdiction unless the record showed on its face that the case is one where that court has authority to act. Jurisdiction in such a case is never presumed and, if it does not appear, the judgment or decree is void. Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903; Village of Waynesville v. Pennsylvania R. Co., 354 Ill. 318, 188 N.E. 482. See authorities cited in Birmingham Electric Co. v. Alabama Public Service Com., 254 Ala. 119, 47 So.2d 449.

■ The circuit court did not have jurisdiction to render a decree reversing the order of the Commission unless it appeared from the record certified to it that the appeal from the said order was taken in the manner and within the time prescribed by the applicable statutory provisions. North Carolina Corp. Commission v. Southern Ry. Co., 185 N.C. 435, 117 S.E. 563; Town of Hyde Park v. St. Johnsbury & L. C. R. Co., 84 Vt. 326, 79 A. 873; Essex Storage Electric Co. v. Victory Lumber Co., 93 Vt. 437, 108 A. 426.

An appeal from an order of the Commission of the kind here involved must be taken within thirty days after the date of such order. § 301(27), Title 48, 1951 Pocket Part, Code 1940. The appeal is perfected by filing with the Commission a bond for security of costs of the appeal. § 301(27), Title 48, supra, and § 79, Title 48, Code 1940.

■ As shown above, the order of the Commission was dated May 12, 1953, and the bond for security of costs of appeal was not filed until July 17, 1953; hence the appeal was not taken within the time provided by law. Neither the Commission, the circuit court, this court, nor the parties have any power to extend the time or modify the requirements. Essex Storage Electric Co. v. Victory Lumber Co., supra; Town of Hyde Park v. St. Johnsbury & L. C. R. Co., supra; North Carolina Corp. Commission v. Southern Ry. Co., supra.

■ Since the appeal was not perfected to the circuit court within the prescribed time, that court was without jurisdiction to render a decree setting aside the order

of the Commission. The circuit court be-ing without such jurisdiction, its decree is void and will not support an appeal. We are constrained, therefore, to dismiss the appeal on our own motion.

Appeal dismissed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.