106 So.2d 38

### O. L. HEATH, d/b/a Tri-Cities Waste Paper and Salvage Company
v.
### Barbara Kay HALL, pro ami.
8 Div. 325.

Court of Appeals of Alabama.
Oct. 21, 1958.

624

Wm. F. Baker, Florence, for appellant.

Pounders & Wilson, Florence, for appellee.

HARWOOD, Presiding Judge.

In the court below the plaintiff, as father and next friend, claimed damages for injuries to Barbara Kay Hall, a minor four years of age.

The injuries resulted from a fall from a stack of bales of waste paper on defendant's premises, and this action is grounded on the theory of the maintenance by the defendant of a nuisance attractive to children.

The defendant filed a demurrer to the complaint, which was overruled. Thereafter, the case was transferred to the non-jury docket by agreement.

After this transfer, the plaintiff and defendant agreed that a judgment be entered for the plaintiff in the sum of $400, and costs.

Pursuant to this agreement the court entered a judgment, the parts pertinent to this appeal reading as follows:

"Now on this the 8th day of November, 1957 comes the parties in open Court and both parties make oral motion in open Court that a judgment be rendered in favor of the plaintiff and against the defendant for the sum of $400.00 and cost; said judgment be subject to the ruling of the Appellate Court of Alabama upon the lower court's ruling on the demurrers herein. And said motion having been considered by the court it is therefore ordered, and adjudged that the plaintiff do have and recover of the defendant a judgment in the sum of $400.00 together with all cost herein expended for which let execution issue. It is further ordered and adjudged that this judgment be and the same is hereby subject to the ruling of the Appellate Court of Alabama upon the lower Court's ruling on the demurrers herein filed by the defendant."

Thereafter, the defendant below filed an appeal to this court, with an accompanying appeal bond.

All assignments of error assert as error the action of the court in overruling the demurrer to the complaint.

In briefs submitted there is a conflict as to the agreement concerning whether an appeal would be processed in this case.

In his brief counsel for appellee states that it was understood that:

"In the event the Court sustained the demurrers the Plaintiff would be out of Court and would not prosecute the case further, and in the event the Court overruled the demurrers to Plaintiff's Complaint, the Defendant would pay the Plaintiff the sum of Four Hundred ($400.00) Dollars, and costs, and permit a consent judgment for said amount to be entered. It was further understood by the attorneys for the Plaintiff and the attorney for the Defendant that there would be no appeal or further litigation of the cause

upon the Court's ruling on said demurrers."

On the other hand, counsel for appellant assert that the agreement was as set forth in the judgment, and that "the judgment entered would not bar an appeal from the ruling on demurrers by the defendant and the consent judgment was entered subject to a final ruling by the Appeal Court on the appeal from said ruling overruling demurrers."

There was no agreement in writing signed by counsel as to this matter, and we cannot, in the absence of such writing take cognizance of this matter. Supreme Court Rule 20, Code 1940, Tit. 7 Appendix.

This aside, in the state of this record we can consider this appeal only if there has been a compliance with Section 744 or Section 745, Title 7, Code of Alabama 1940, although there is no indication in the record, or in briefs submitted by respective counsel that resort was had to either of said sections.

■ These sections are to be strictly construed. Phillips v. Anderson, 230 Ala. 369, 161 So. 477.

We pretermit the question of the constitutionality of these sections, and do not attempt to construe them except as applicable to the matter at hand, as was done in Thorpe v. Steadman, 226 Ala. 337, 147 So. 131.

Clearly Section 744, supra, is inapplicable, since the case contains none of the facts at issue. Nor has there been a compliance with Section 745, supra, the judge below not having certified any question to this court.

■ This being so, we must consider and handle this case as though processed under, and governed by, the ordinary rules of appellate practice and procedure.

In this aspect there is nothing before us for review.

■ By moving for, and consenting to, the judgment, the appellant waived any prior irregularity, and released any prior error. Gunter v. Hinson, 161 Ala. 536, 50 So. 86.

That part of the judgment that it is "subject to the ruling of the Appellate Court of Alabama upon the lower Court's ruling on the demurrers herein filed by the defendant" must be treated as surplusage, and of no effect. It attempts to allow an appeal from an interlocutory order which is not appealable, upon a ruling, which, if erroneous, was released by the consent judgment.

■ We can only act within our jurisdiction conferred by law, and that jurisdiction cannot be enlarged by the consent of the parties. Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So.2d 303, 141 A.L.R. 87. Nor by another court.

■ There is no actual controversy between the litigants below, it having been eliminated by the rendition of the consent judgment. It is not within the province of this court to consider a case submitted merely for the purpose of testing the right to maintain a certain suit. Caldwell v. Loveless, 17 Ala.App. 381, 85 So. 307. The ruling on demurrer not being properly before us for review, any discussion of the point by us would be nothing more than mere gratuitous advice.

There being no actual controversy, and impossible for this court to grant any relief because of the proceedings below, this appeal should be dismissed. It is so ordered.

Appeal dismissed.