200 So.2d 653

Dewey **ALLISON**

v.

**STATE.**

6 Div. 436.

Supreme Court of Alabama.

June 22, 1967.

Hugh Farris and Chas. R. Wiggins, Jr., Jasper, for appellant.

**194**

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen. for the State.

HARWOOD, Justice.

On 26 May 1960, this appellant was found guilty of murder in the first degree and sentenced to life imprisonment. Since his incarceration in the penitentiary the appellant has instituted a number of post conviction actions in the courts of this state and in the Federal courts. See Allison v. Alabama, 273 Ala. 223, 137 So.2d 761, cert. den. Allison v. State of Alabama, 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15; Allison v. Holman, D.C., 216 F.Supp. 69; Allison v. Holman, 5 Cir., 326 F.2d 294, cert. den. Allison v. Holman, 376 U.S. 957, 84 S.Ct. 979, 11 L. Ed.2d 975.

This appeal arises from a second coram nobis proceeding filed in the Circuit Court of Walker County. In this last coram nobis proceeding the lower court found that this appellant was at the time of his original conviction an indigent, and was entitled to have furnished him a full record, including a transcript of the evidence of the proceedings in his murder trial, and appointed Mr. Hugh D. Farris and Mr. Charles R. Wiggins, Jr., as attorneys to represent this appellant in the present appeal. In effect, this is a delayed appeal from the appellant's conviction of murder in the first degree in 1960.

The evidence submitted in the murder trial tends to show that on 16 December 1959, the appellant was attempting to hitch hike a ride either to Florida or to his mother's home in Walker County. He was offered a ride in a car driven by James Williams, who was accompanied by his brother Alton Williams. The trio began drinking wildcat whiskey and eventually drove to several places in an attempt to replenish their supply of whiskey. The appellant informed the Williams brothers that they might get some from Troy Blake. They thereupon drove to the Blake home in Walker County. Mr. Blake got in the automobile with the trio and they drove to a wooded area. Here Blake was robbed of $7.00 he had with him. Blake testified that upon the completion of the robbery the appellant stated, "Well we can't afford to go in this robbery and not get no more money than we got off you. You've got more money back at the house and we are going to go back there and get it." The appellant and Alton Williams then got in the car and drove back to the Blake home. James Williams detained Blake in the woods by threatening him with a tire tool. The appellant and Alton Williams returned in the automobile to the site of the original robbery and James Williams got in the automobile and the trio drove off. Blake then walked to a house and was taken to his home where his wife's body was later found

in the garden of the Blake homesite with her throat slashed.

In the trial below it was appellant's contention that when he and Alton Williams drove to the Blake home he remained in the automobile while Alton went to the porch of the house. There appellant heard Alton and Mrs. Blake engage in a scuffle, and Mrs. Blake began to run toward the garden. The appellant saw Alton strike at Mrs. Blake with something in his hand which he took to be a knife.

On the other hand it is clearly inferable from the evidence that Alton charged the appellant with the murder of Mrs. Blake.

When the trio returned to Jasper, the appellant caught a freight train and went to Florida. Sometime later in Dade City he met an acquaintance and told him that he had been charged with murder and robbery in Walker County. The appellant then went to the sheriff's office and surrendered, testifying that he was "tired of running."

C. L. Daughertry, a deputy sheriff of Walker County, went to Florida to return the appellant to Walker County. Daughertry testified as to several oral statements made by the appellant which were confessory in nature. A full and complete predicate, as then required under the law, was laid before the admission of these statements.

Upon their return to Jasper, the County seat of Walker County, the appellant was again interrogated by Daughertry in the presence of Dot Moore, a secretary who took down and later typed a statement made by the appellant on this occasion. The typewritten statement was read to the appellant and he then signed the same.

This statement was offered in evidence by the state. Before its submission, however, a full predicate of voluntariness as then required, was laid.

At this point the defense requested that the jury be excused and that they be al-lowed to examine the statement. This motion was granted. After defense counsel had been given the opportunity to review the statement, the jury was returned to the box. The statement was then again offered in evidence, but not until the attorneys for the appellant had engaged in a voir dire examination of Daughertry as to the voluntariness of the statement. It was again offered in evidence and the appellant's objections to the admission of the statement on the grounds that it was not voluntary were overruled. At no time was there any motion made by the appellant's attorneys that the voir dire examination be made out of the presence of the jury.

The evidence presented by the state in the murder trial was ample in its tendencies showing the appellant to be guilty as an aider and abettor to an atrocious robbery and murder.

■ On this appeal counsel for the appellant argue that error affects this record because counsel who represented the appellant in the murder trial were denied the right to examine the written confessory statement made by the appellant prior to its submission into evidence. The record does not sustain this argument. So far as disclosed no pretrial motion to examine the statement was made, and when during the trial defense counsel did request the court to grant a recess and to permit them to examine the statement, such motion was granted. There is therefore no merit in this contention.

■ Counsel for appellant also contend that the court erred in a portion of its oral instructions to the jury. After reading this portion of the oral instructions, it is our conclusion that it correctly and properly stated the legal principle involved, and is in no wise objectionable. Regardless, no objections were made to the oral charge of the court and in the absence of such objections made during the trial, the question cannot be raised for the first time on appeal. Brackin v. State, 31 Ala.App. 228, 14 So.2d 383.

**196**

Counsel for appellant further urge that this judgment should be reversed because the predicate of voluntariness of the written confession was laid in the presence of the jury, and is therefore not in accord with the holding of the United States Supreme Court as enunciated in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205.

This record discloses that at no time in the trial below did the then counsel for appellant request that the hearing on the voluntariness of the written confession be out of the presence of the jury. The appellant testified as a witness in his own behalf. He concurred in much of the statement as recounted by Daughertry. He denied parts of the statement attributed to him. However, he testified that he was in no wise coerced into making the statement.

After the state had laid a predicate of voluntariness through Daughertry, and after a full voir dire examination of this witness, the court overruled defense objections to the admission of the confession on the ground that the same was not voluntarily made. Implicit in this action was a finding by the court that the confession was voluntary.

 We hold that under these circumstances, as disclosed by the record, Jackson v. Denno, supra, does not require a reversal of this judgment. Tiner v. State, 279 Ala. 126, 182 So.2d 859.

Counsel for appellant have also alluded in brief in a general way to possible error resulting from the refusal of a number of written charges requested by the appellant. It is clearly inferable from the record that a number of written charges requested by the appellant were given, though these given charges have not been set forth in the record as they should have been.

The court gave a full, complete, and admirable oral instruction to the jury.

We have examined these refused charges, and are clear to the conclusion that they were refused without error as being either incorrect statements of the legal principles sought to be enunciated, or were abstract under the evidence, or were covered by the oral instructions of the court.

In the murder prosecution, this appellant was furnished able counsel by court appointment. They performed their duty of defending this appellant with vigor and high competency and were present at appellant's arraignment and all other proceedings.

This appellant has also been furnished able counsel in the present proceedings, as well as a full record of his murder trial. We have now reviewed this record, and are impressed with the fairness and correctness of the rulings of the judge in the trial below. We have found nothing in anywise tending to show that this appellant was probably injured in any of his substantial rights. The verdict and judgment were fit and proper under the evidence presented by the state.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.