291 So.2d 351

**Lannice Joe BATES**

v.

**STATE.**

**8 Div. 327.**

Court of Criminal Appeals of Alabama.

March 5, 1974.

258

W. Wheeler Smith, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Kent Brunson, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant appeals from a conviction for burglary in the second degree with a sentence imposed by the court of eight years.

At the conclusion of the evidence presented by the State the appellant moved to exclude, which motion was overruled by the court.

In substance the evidence offered by the State showed that on the evening of August 22, 1971, Robert True was in True's Food Store in Madison, Alabama, which was operated by him, and noticed a boy pass by on the street in front of the store. Shortly thereafter he heard the sound of breaking glass and went to the front door and failed to see anyone on the street. He then got into his truck and drove up the street where he saw the glass in the front door of Humphrey Hughes Drug Store had been broken. At about that time he saw a policeman across the street and told him that the door to the drug store was broken and he believed the man was still inside. He and the policeman together re-

turned to the drug store where they saw the appellant inside and behind one of the counters.

The policeman, who had armed himself with a shotgun, called for the appellant to come out, which he immediately did and was taken into custody by the policeman, Doyle Hargrove, who took him to police headquarters.

Walton Hughes testified that he owned and operated Humphrey Hughes Drug Store in Madison, Alabama, and that it was a corporation. He had been in the store in the late afternoon or evening of August 22, 1971, and closed the store and left for home about 7 o'clock; that he came back about 8 o'clock that night and found the glass on the front door had been broken out. He further testified that no merchandise or other thing of value was missing from the store when he came back that night. On the afternoon of the same day he had seen appellant, who asked him directions as to how to get out of town. He later saw appellant in jail.

■ The basic elements of burglary in the second degree are: (1) breaking and (2) entering (3) with intent (to steal or to commit a felony). Livingston v. State, 44 Ala.App. 559, 216 So.2d 731.

■ It is axiomatic, of course, that the burden is on the State to establish the existence of these elements beyond a reasonable doubt before there can be a conviction of burglary.

■ The jury may reasonably infer intent to steal from the presence of the accused in the store under circumstances showing a breaking and entering. Behel v. State, 40 Ala.App. 689, 122 So.2d 537. And whether one gains or profits from the burglary is of no significance. Davis v. State, 283 Ala. 686, 220 So.2d 860.

■ We think when tested by the authorities, above referred to, the evidence established a prima facie case for the State and there was no error by the court in overruling the motion to exclude.

While the State was offering its evidence in chief, the district attorney attempted to offer a statement, or admission against interest allegedly made by appellant while in custody of Officer Hargrove, one of the witnesses for the State. Objection was made to the introduction of the statement and on a hearing outside of the presence of the jury the court ruled that its voluntary character was not shown and sustained the objection of appellant.

When the appellant testified in his own defense, he was questioned on cross-examination with regard to the alleged statement. In substance the questions and answers of the appellant with regard to this matter are as follows:

"Q Did you make a statement to Officer Hargrove on the way to the Madison County jail?

"A I don't remember.

"Q To the effect that the reason you kicked the door out was because you had taken some shots and you hadn't had one in four hours?

"A No, sir. I say no. I don't remember it."

Objections again had been interposed by the appellant on the ground that the statement had been found to be involuntary by the court in its former ruling thereon.

In the case of Brown v. State, 243 Ala. 529, 10 So.2d 855, the court held that a defendant who becomes a witness for himself, submits himself to cross-examination as any other witness; and that he may be cross-examined on statements in conflict with his testimony without a showing that such statements were voluntary and were, therefore, inadmissible as a confession.

Although not necessary in the case of a defendant it is the rule that "a witness may be impeached by showing prior statements which are at variance with those de-

**260**

posed at the trial of the cause. The adopted procedure is to lay a predicate to the witness and, if the prior contradictory statement is denied, proof may be made that the witness did make the previous assertion." Jackson v. State, 35 Ala.App. 542, 50 So.2d 282.

 In the case at bar a predicate was laid during the cross-examination of appellant when he was properly asked if he had made the statement. When he denied making it or testified he did not remember, it was then proper to prove the statement by Officer Hargrove's testimony, offered by the State in rebuttal.

In Dickson v. Dinsmore, 219 Ala. 353, 122 So. 437, the court said: "In the instant case, the party whose character was sought to be impeached was the defendant himself, appellant here. Where such is the case, proof of the extrajudicial statements of the party is admissible for two distinct purposes, and in two distinct aspects. In one of them, such statements are admissible as admissions of the party, and in such event no predicate is necessary; and they are also admissible as impeaching testimony, and when, for that purpose, the same rule as to predicate is required as when the witness is not a party."

 No objections or exceptions were reserved to the court's oral charge and, therefore, there is nothing before this court to decide in this regard. However, it appears the matter complained of in brief, the court's failure to properly charge on reasonable doubt, is not well taken. The oral charge dealing with the principle of reasonable doubt fully and fairly covered this principle and we do not think the jury could have been mislead in this regard.

On a careful search of the record we find no error to reverse and the cause is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No.

288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.