306 So.2d 296

**Ex parte Ocie Lee MITCHELL.**

**6 Div. 834.**

Court of Criminal Appeals of Alabama.

Nov. 26, 1974.

Rehearing Denied Dec. 17, 1974.

**204**

Fred Blanton, Birmingham, for petitioner.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

This is an original petition in the nature of a praecipe for a writ of certiorari to be directed to the circuit court of Jefferson County.

■ This writ runs from a superior court to a lower one—the latter being one required to keep records of its proceedings. See § 6.03(d) of Constitutional Amendment No. 328 as to the authority of this court for general superintendence and control of *appellate jurisdiction.*

The allegations of the petition are:

"1. On or about May 12, 1972, your petitioner was tried by a jury with Honorable Joseph J. Jasper, Judge, presiding, on an indictment charging him with the offense of first degree murder. The said jury found him guilty of murder in the second degree, and his punishment was fixed at, to-wit: 11 years.

"2. During these proceedings in the Circuit Court of Jefferson County, Alabama, your petitioner was represented by privately retained counsel.

"3. After sentence on, to-wit: May 12, 1972, his trial counsel was not retained for further proceedings. This trial counsel did, as a matter of courtesy, file a notice of appeal orally.

"4. Thereafter, petitioner was unable financially to retain counsel or to pay for the reporting of the proceedings to file as a record in this case. The record was, therefore, not filed in this Court, [i. e., the Alabama Court of Criminal Appeals] and this Court did, on or about June 14, 1973, dismiss his appeal, and he was committed to the penitentiary system of Alabama, and is at present incarcerated at Draper Prison, Elmore, Alabama.

"5. Thereafter, petitioner filed in the United States District Court, Northern District of Alabama, Southern Division, his petition for writ of habeas corpus alleging that he had been denied certain federal constitutional rights in the admission of evidence at his trial after an illegal search and seizure. This was docketed as No. CA 73-A-886, and no action has been taken on this petition, as far as petitioner is aware.

"6. Subsequent to the filing of the petition for writ of habeas corpus, petitioner retained his present lawyer, who advised him that it was necessary to exhaust his state remedies before a federal court would consider a petition for writ of habeas corpus.

"7. Further, petitioner was advised that the petition for writ of error coram nobis in the State of Alabama could not be utilized as a substitute for an appeal, and, hence, that the filing of such a petition undoubtedly was an exercise in futility.

"8. Petitioner alleges as a ground for the issuance of the writ sought herein that he was NOT advised by the court before which he was sentenced nor by his retained counsel for trial that he could appeal to this Court in forma pauperis if, in fact, he were without funds to pay for a transcript of the proceedings, or for counsel on appeal. As a consequence of this neglect to so inform him, the appeal to this Court was dismissed, and petitioner was denied thereby his right for this Court to consider the federal question mentioned previously herein, nor any other question which could have reversed his conviction. Petitioner had no other knowledge of his right to proceed on appeal without funds.

"9. Petitioner alleges that at all time pertinent to this petition that he was without funds to procure a transcript, or to retain counsel to represent him on appeal.

"10. Petitioner further alleges that the denial of appeal under these circumstances is a denial of his federal constitutional rights to due process and equal protection of the laws. XIVth Amendment, United State Constitution."

The Attorney General—rather than answering by general denial—has moved that we deny the petition assigning:

"(1) For that Petitioner's constitutional rights have not been violated;

"(2) For that Petitioner has not presented sufficient cause on which to grant him an out-of-time appeal."

■ Whether or not petitioner's constitutional rights have or have not been violated is a mixed question of law and fact. By making the motion the State has undertaken to prove a negative, i. e., that petitioner's rights have not been violated.

■ We consider this assignment ignores the nature of the jurisdiction of this court and the office of the writ of certiorari. That is, before there can be a judicial enquiry as to whether or not Mitchell was deprived of his right to counsel on appeal it must first appear that the records of the circuit court would show that he asked that court under Michie's Code T. 15, § 318(4) for the appointment of appellate counsel. See Callahan v. State, 44 Ala.App. 546, 215 So.2d 887. Nor is there any allegation that Mitchell asked the presiding judge of this court to appoint him a lawyer because the trial court had failed to.

■ The State's second ground for its motion has a faulty premise. There is no such creation (or better—monster) as an out of time appeal under our present practice. Hines v. State, 48 Ala.App. 297, 264 So.2d 218.

■ We consider that there is no allegation of any matter within the scope of the writ of certiorari presented by the instant petition. Accordingly, the petition is

Denied.

All the Judges concur.