308 So.2d 259

**Arthur ESSIX**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 811.**

Court of Criminal Appeals of Alabama.

Feb. 4, 1975.

William C. Walker, Birmingham, for the City of Birmingham.

Lewis K. Cato and James B. Morton, II, Birmingham, for appellant.

CATES, Presiding Judge.

Probation revocation—appeal from dismissal of trial de novo petition.

Essix was convicted in the Recorder's court on either, or both, charges of reckless driving and failure to report an accident. On January 26, 1972 he received a sentence, cryptically described as, "$231 and 90 days." On the same day he was put on three years probation.

The City filed an Exhibit I to its motion to have the Circuit Court dismiss, thus denying a trial de novo. Part of said exhibit reads:

"SEP 12 1973

"A written report of the probation supervisor having been presented to the court alleging that the probationer has violated the terms of his probation, and the defendant being present before the

court, a hearing to inquire into the alleged violations is hereby set for 9/19/73 at 2 P.M.

"NO BOND"

"Joe G. Barnard, Judge

"SEP 19 1973 Continued at request of atty. for probationer to 9/26/73 at 2 P. M.

Joe G. BARNARD, J

"SEP 26, 1973 Hon. Louis Cato for Probationer

"It having been made known to the Court by Probation Officer Sullivan that the defendant has probably violated terms of his probation, and the defendant having been duly notified of said charge, and being in open court, the court ————— proceeded to hear evidence and take testimony as to whether or not the defendant has violated the terms of his probation. After considering all the evidence it is the opinion of the court that the defendant has violated the terms of his probation. It is therefore ordered and adjudged by the court that the probation of the defendant be revoked and that the sentence heretofore pronounced be put into effect.

Joe G. Barnard, Judge

V

the court finds that the defendant has violated the specific terms of his probation in that he had pled guilty to Driving W/O License on 8/9/73.

Joe G. Barnard

"Owes 90 Days

"JAIL 9–26–73"

The circuit court granted the City's motion to dismiss without giving any opinion.

■ Appellant relies on Sparks v. State, 40 Ala.App. 551, 119 So.2d 596. The City contends that the supervisory power of the Circuit Court by way of certiorari is all that is afforded for review of orders such as was entered in the Recorder's Court. We agree.

■ Appeals are statutory. As was said in State v. Bibby, 47 Ala.App. 240, 252 So. 2d 662.

"Furthermore, there is no inherent or inalienable right of appeal. Appeals (aside from the altogether different 'appeals of felony') were unknown to the Common Law at the time of the migration of our forebears. Hence, it has become a familiar saw among legal writers to say that appeals are solely the creatures of statute. * * *"

The 1971 Legislature by Act No. 1361 of September 17, 1971, enabled recorders courts in cities of 250,000, or upwards, to suspend sentences of persons convicted in said courts. At this time Birmingham is the only city of such size.

This statute makes no provision for appeals from revocation. In this area the doctrine of inherent power is not appropriate for the circuit court since it has supervisory powers as is pointed out by the City in its brief.

Furthermore, the notion of a multi-tiered appellate structure would cause inordinate delays in final adjudication. Interest reipublicae ut sit finis litium.

The statutory limit on the punishment which can be meted out by the municipal courts bespeaks speedy decision rather than a process to make the mills of the gods grind ever finer. We distinguish Sparks, supra.

The judgment below is

Affirmed.

All the Judges concur.