312 So.2d 632

**Leon ELLISON**

v.

**STATE.**

**5 Div. 232.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

Rehearing Denied May 6, 1975.

Omar L. Reynolds, Clanton, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

Leon Ellison was indicted by the grand jury of Chilton County at the November 1970 Term, for the second degree burglary of Jemison Sundries, by removing therefrom radios, television sets, and other wares. County two of the indictment charged the grand larceny of a portable radio and portable television, the personal property of D. C. Jones. The trial court appointed counsel to represent the appellant, and he was arraigned in open court, with counsel, on February 9, 1971. The cause was then set for trial for March 24, 1971, and the jury found the appellant guilty of "burglary and grand larceny," as charged in the indictment. The trial court then entered its adjudication of guilt, and set sentence at four years imprisonment. On March 24, 1971, the appellant gave notice of appeal, and on the following day, March 25, 1971, the appellant, with the assistance of some friends, posted a $2000.00 appeal bond.

Thereafter, this cause was sent to this court as a "record proper" appeal, and was affirmed by this court, without opinion, on August 24, 1971, 5 Div. 56. It should be here noted that there was no indication in this transcript as to the appellant's status, other than that counsel had been appointed to represent him on the trial of this cause.

Subsequently, on September 14, 1973, the appellant filed a petition for writ of error coram nobis in the Circuit Court of Chilton County, averring, among other grounds, that he was indigent, and did not have counsel appointed to perfect his appeal. The court then appointed an attorney to represent the appellant, and a hearing was conducted on October 17, 1973, on this allegation. The trial court at that time, due to the fact that appellant had made appeal bond, had made no request for the court to appoint counsel, and, in fact, had attempted to employ counsel, denied the coram nobis petition. The appellant then appealed this proceeding to this court, where the same was affirmed on May 7, 1974, without opinion. Ellison v. State, 5 Div. 232.

We will not attempt to delineate here the several petitions, which may have been filed in the various courts by the petition-

er, but, suffice it to here say, on November 19, 1974, the United States District Court for the Middle District of Alabama entered its order and judgment, decreeing, among other things, that the officials of the Circuit Court of Chilton County had failed to take the necessary steps to assist the petitioner in perfecting his original appeal from the judgment of that court, rendered on March 24, 1971. Thereafter, the Circuit Court of Chilton County did, on December 10, 1974, enter an order, determining that the appellant, Leon Ellison, was an indigent, that he was such at the time the original sentence, on March 24, 1971, was imposed upon him, and directed the court reporter and circuit clerk to furnish the appellant, as an indigent, a full transcript of all original trial proceedings, and that the same be filed in this court as an appeal from the judgment rendered on March 24, 1971.

This court is now called upon to review this matter in the posture as herein outlined.

I

We are confronted at the outset by the order of the United States District Court, which, in pertinent part, is as follows:

"ORDER, JUDGMENT AND DECREE of this Court that the petitioner's application for the writ of habeas corpus be and the same is hereby conditionally granted. It is further

"ORDERED that the State of Alabama be and it is hereby directed to take appropriate action to cause the officials of the Circuit Court of Chilton County, Alabama, to perfect the petitioner's appeal from the judgment of conviction in Case No. 11462, if effective out of time appellate consideration of his conviction and sentence is available under Alabama law, or, in the alternative, reschedule the petitioner's case for trial within four months from the date of this Order. It is further

"ORDERED that the respondent file a further return in this case within sixty days from the date of this Order reflecting the status of Chilton County Circuit Court Case No. 11462.

"Done this 18th day of November, 1974."

It is appropriate that this court express itself on the question of its jurisdiction to hear this appeal. Appeals from convictions in criminal cases must be taken within six months from rendition of judgment. Title 15, Section 368, Code of Alabama 1940. This period may be extended for cause by appropriate motion for new trial, seasonably filed and heard. Title 15, Section 368, supra.

The appropriate manner of taking an appeal in criminal cases under the above statute is well set forth in the opinion of Mr. Justice Merrill, in Relf v. State, 267 Ala. 3, 99 So.2d 216.

We are immediately concerned with the fact that there was here no motion for new trial filed, thus, strictly speaking, the original appeal should have been perfected within six months from rendition of judgment of conviction, March 24, 1971. Relf v. State, supra. However, there was here a "record proper" appeal perfected in this court, on June 23, 1971, and affirmed by this court, without opinion, on August 24, 1971.

Mr. Justice Goodwin, in City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606, in discussing the question of appellate jurisdiction, stated:

"We must consider, ex mero motu, questions of jurisdiction; and where a judgment appealed from is void for want of jurisdiction we have no alternative but to dismiss the appeal. Alabama Public Service Commission v. McGill, 260 Ala. 361, 362, 71 So.2d 12; Mitchell v. Hammond, 252 Ala. 81, 84, 39 So.2d 582; Craig v. Root, 247 Ala. 479, 484, 25 So. 2d 147; Freeman v. Swan, 22 Ala. 106, 115; Carter v. Hinkle, 13 Ala. 529, 533; Wyatt v. Judge, 7 Port. 37, 38–40; 5 C. J.S. Appeal and Error §§ 1477, 1480, pp. 740, 747. From the early case of Wyatt

v. Judge, [7 Porter 37] supra, is the following:

" ' * * * [W]e think the record shows that the Circuit court had no jurisdiction of the case. * * * It may perhaps be thought, that inasmuch as this objection was not expressly made in the Circuit court, it should not be regarded here. We understand the law to be otherwise. It was the duty of the Circuit court mero motu to have repudiated the appeal * * * and it is certainly our duty to do what that court should have done. * * * [T]he want of jurisdiction was allowable in the appellate court, though not made below. * * * [W]ant of jurisdiction of the subject matter was determined not to be aided by a plea to the merits. And the true doctrine is, that consent, whether express or implied, cannot give jurisdiction. * * * ' "

Several of our very early Alabama cases have considered the opinion above quoted, in Wyatt et al. v. Judge et al., 7 Porter 37.

Thompson v. Lea, 28 Ala. 453, observes:

"The element in the jurisdiction over a case which cannot be supplied by consent, is the jurisdiction over the subject-matter; and the reason why that cannot be given by consent is, that it must be conferred by the law. It is the authority of the court, and can be derived alone from the law. Whatever pertains merely to the bringing of the case under the operation of that jurisdiction, may be waived [Authorities cited]. . . ."

In Crabtree et al. v. Cliatt, 22 Ala. 181, the court stated:

"It has been further held, both here and elsewhere, that if the want of jurisdiction appears by the judgment, or on the face of the proceedings, the party injured need not be put to his plea to the jurisdiction, but the appellate court will look to it mero motu, and declare the judgment coram non judice, and void [Authorities cited] . . . ."

See also State ex rel. Savray v. Caroline, 20 Ala. 19.

Moreover, the absence of jurisdiction may not be supplied by the presence of the State's attorney on hearing the motion for new trial, or by his consent that the trial court act. State ex rel. Attorney General v. Brewer, 19 Ala.App. 330, 97 So. 777, cert. denied, 210 Ala. 229, 97 So. 778.

Moreover, as noted by Mr. Justice Harwood, then Harwood, Presiding Judge, of the former Court of Appeals, in Heath v. Hall, 39 Ala.App. 623, 106 So.2d 38:

"We can only act within our jurisdiction conferred by law, and that jurisdiction cannot be enlarged by the consent of the parties. Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So.2d 303, 141 A.L.R. 87. Nor by another court."

Most recently, this court, speaking through Presiding Judge Cates, in Essix v. Birmingham, 54 Ala.App. 348, 308 So.2d 259, stated:

"Appeals are statutory. As was said in State v. Bibby, 47 Ala.App. 240, 252 So. 2d 662:

" 'Furthermore, there is no inherent or inalienable right of appeal. Appeals (aside from the altogether different "appeals of felony") were unknown to the Common Law at the time of the migration of our forebears. Hence, it has become a familiar saw among legal writers to say that appeals are solely the creatures of statute. * * * ' "

We therefore hold and determine that there is no such creation as an out-of-time original direct appeal under our present Alabama practice. Hines v. State, 48 Ala.App. 297, 264 So.2d 218; Mitchell v. State, 54 Ala.App. 203, 306 So.2d 296, cert. denied, 293 Ala. 767, 306 So.2d 298.

II

We are thus confronted with the subsequent order of the trial judge, determining

that the appellant was in fact an indigent at the time of his original judgment of conviction, and therefore appointed an attorney to perfect this appeal, and directed that the complete transcript of the trial be filed in this court.

As previously noted, the appellant had filed a petition for writ of error coram nobis in the Circuit Court of Chilton County, averring his indigency at the time of his original judgment of conviction and lack of appointment of counsel, and furnishing of a complete transcript of the trial in his petition filed in the Circuit Court of Chilton County, on September 14, 1973.

■ As noted in Allen v. State, 42 Ala. App. 9, 150 So.2d 399, cert. denied, 275 Ala. 691, 152 So.2d 439, cert. denied, 374 U.S. 854, 83 S.Ct. 1922, 10 L.Ed.2d 1074, a coram nobis petition may be filed at any time, and appeals from the denial of same taken within six months. *Allen,* supra.

The State of Alabama has expressly provided authority for trial judges to direct, under appropriate circumstances, that the complete transcript of such proceedings be made up for purposes of appeal and filed in this court. Title 15, Sections 380(14)–380(25), Code of Alabama 1940, as amended 1963.

■ The question thus arises as to this court's jurisdiction to consider this matter in its present posture. This question was answered in Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501. Like the State of Iowa in that case, Alabama has here furnished the appellant a "truncated appeal." The United States Supreme Court determined in *Entsminger,* supra, that such was a denial of an indigent's rights to appellate review under the Fourteenth Amendment.

The Supreme Court of Alabama, in Allison v. State, 281 Ala. 193, 200 So.2d 653, was confronted with this same problem, and proceeded to accord appellate review of the original trial proceedings as therein outlined. The court also accorded review of the original trial proceedings through a "coram nobis appeal" in Aldridge v. State, 278 Ala. 470, 179 So.2d 51. Likewise, this court has similarly accorded appellate review in Bates v. State, 52 Ala.App. 257, 291 So.2d 351.

Mindful of these cases, the trial judge here appointed able counsel to assist the appellant with this appeal. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L. Ed.2d 33; Harris v. Estelle (5th Cir.), 487 F.2d 56.

We now allow an appeal from the judgment of the trial court which denies coram nobis, but includes this transcript, as this will be finally dispositive of all litigation. State v. Bibby, 47 Ala.App. 240, 252 So.2d 662; Daniels v. Alabama (5th Cir.), 487 F.2d 887; Horsley v. Simpson (5th Cir.), 400 F.2d 708.

C. D. Jones testified that, on November 16, 1970, he owned Jemison Sundries, a drugstore in Jemison, Alabama. He testified he closed his place of business about 6:30 that evening, and returned about 8:00 the following morning. From the record:

"A First, as I started in, the front door had been broken open, and various debris from the door where it had been jimmied open was laying on the floor in front of the office in the front of the door. And everything was down on the floor and rearranged, and I missed my television, two (2) radios, and on the bench was some various sundries that I sold. Also there was a candle where someone had used candles. The candle tallow was all over the place where it had dropped where they, someone had used a candle, where they had used them for light.

"Q And you had not authorized anyone to enter your place of business—

"A No, sir.

"Q —or leave it in this condition?

"A No, sir."

Mr. Jones testified that the television was worth between $75.00 and $100.00, and the radio about $30.00, and that he next saw these items two or three days later at the jail in Chilton County.

James Earl Johnston testified that, as Chief Deputy Sheriff of Chilton County, he was investigating the burglary of Jemison Sundries and went to the home of one Crawford Marcus near Jemison, Alabama. He stated that Mrs. Marcus and her sister, Mrs. Ellison, the wife of the appellant, were present. He said this was about 4:00 in the afternoon of November 18, 1970. He testified he was accompanied by Lt. Ray Posey, Sheriff Red Walker, and Chief Deputy Ed Roper, also of Shelby County. The officers testified that they told Mrs. Marcus that they were looking for some missing property and asked permission to look around, that she granted this request. Upon entering the living room, they saw what appeared to be the missing television and radio in one bedroom, and then Deputy Johnston went back and obtained a search warrant, which he presented.

At trial Mrs. Marcus and Mrs. Ellison verified this.

Additionally, Deputy Johnston testified that he and Deputy James Burnett of the Chilton County Sheriff's Office interrogated the appellant about 4:00 p. m., on November 20, 1970, at the Shelby County Jail. From the record:

"Q State to the Jury exactly what you advised him?

"A I read him this card. (Indicating) 'Statement of Rights. Before we ask you any questions, it is my duty to advise you of your rights. You have the right to remain silent. Anything that you say may be used against you in Court or other proceedings. You have the right to consult an attorney before making a statement or answering any questions, and you may have him present with you during questioning. If you have an attorney appointed, the Court—

If you have an attorney appointed by the Court to represent you, if you cannot afford one or otherwise obtain one, if you decide to answer the questions now with or without a lawyer, you still have the right to stop the questioning at any time or stop the questioning for the purpose of consulting a lawyer. However, you may waive the right of advice of counsel and your right to remain silent. You may answer questions and make a statement without consulting a lawyer if you desire to do so.'

"Q Now, in addition to that, did you hold out any offer of reward or inducement, or make any threats in order to get him to make a statement?

"A No, sir, I did not.

"Q At that time, and at that place, and under those circumstances, in the presence of individuals named, after being advised of his rights, did he make a statement?

"A Yes, sir, he did.

"Q What did he say?

"A Well, he told me—He said, 'I rode around until real late Sunday night or early Sunday morning.' He said, 'I went to a place there in Jemison and sprung a lock on the front door, entered the building, got the TV and radio, and the rest of the articles. Then, I left and went to an old house where i put the stuff. Then, I went back later and got the stuff and carried it back to Crawford's house. The place that I got the stuff was at Jemison Sundries, Jemison, Alabama, on the morning of the 16th day of November, 1970, approximately 4:00 P. M.' "

The State also presented the testimony of Crawford Marcus, who testified that the appellant, Leon Ellison, and his wife, had been staying at the Marcus home about three weeks prior to November 16, 1970. He testified that he had been out drinking with the appellant on the evening of No-

vember 16–17, and was joined by two other men, one of whom was Eugene Lacey. He testified that the appellant and Lacey brought him back to his home near midnight, and that he went to sleep, that when he awoke the next day, the appellant and Lacey had brought a television and radio to his home.

The appellant called Mrs. Wanda Marcus, the wife of Crawford Marcus, and she testified that Mrs. Ellison was her sister, and that the Ellisons had been staying at her home for about three weeks prior to November 16, 1970. She testified that she first observed the radio and television on November 17, at her home, and that Ellison told her that he had bought it. She further testified, a day or two thereafter, Mr. Johnston and several other deputies came to her home, told her that they were looking for a missing television and radio, and that she asked them if they had a search warrant, but told them they could look around. She said that Deputy Johnston left, obtained a search warrant, and came back with it.

Mrs. Norma Ellison, the wife of the appellant, testified to the same details as her sister, Mrs. Marcus, and stated that her husband told her he had bought the television and radio from a Negro man, that her husband and Lacey had brought them to the house on November 17, 1970.

The transcript shows a full oral charge, to which no exception was taken.

■■ It is clear from the evidence, as set out above, that the State of Alabama here presented a prima facie case, and that there was no illegal search and seizure, which were the two issues sought to be presented on appeal by the appellant.

We have carefully examined this entire record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is therefore due to be and the same is hereby

Affirmed.

Part I

All Judges concur.

Part II

HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., dissents as he is of the opinion that the appeal should be dismissed with directions.

On Rehearing

TYSON, Judge.

■ Appellant urges us to consider certain portions of the oral charge of the trial court (R. pp. 51–52), wherein the trial court charged the jury on the definition of larceny, and the inferences which may be drawn from the evidence in the case, contending that such was erroneous under the evidence. We do not consider this as being erroneous under the evidence set forth in our opinion on original deliverance, and moreover, as therein noted, "the transcript shows a full oral charge to which no exception was taken."

Where, as here, appellant's counsel did not make an exception to the oral charge, but, to the contrary, replied, "Satisfied," and did not ask for any clarifying instructions, nothing is presented for review. Cox v. State, 280 Ala. 318, 193 So.2d 759; Allison v. State, 281 Ala. 193, 200 So.2d 653; Massey v. State, 49 Ala.App. 341, 272 So.2d 267, cert. denied, 289 Ala. 747, 272 So.2d 270, and authorities therein cited.

■ Appellant further argues that under Article 6, Section 170, Constitution of Alabama 1901, and Title 15, Section 229, Code of Alabama 1940, the indictment must conclude "against the peace and dignity of the State of Alabama," as to each count in the indictment. Where, as here, the indictment itself concludes "against the peace and dignity of the State of Alabama," such lan-

guage need not appear in each count thereof. Pynes v. State, 207 Ala. 395, 92 So. 663, and authorities therein cited. Volume 12, Alabama Digest, Indictment and Information, ☜32(2).

Opinion extended, application overruled.

All Judges concur.