BOWEN, Judge.
Dalton Ray Goolsby was convicted in June of 1975 on a charge of keeping false books on accounts. His appeal from that conviction was dismissed by this court in March of 1977 because the record on appeal was not timely filed. Goolsby v. State, 344 So.2d 224 (1977).
In August of 1977 Goolsby filed a petition for writ of error coram nobis praying that the Circuit Court of Montgomery County would grant him “the right to perfect his appeal to the Alabama Court of Criminal Appeals”.
On October 12, 1977, the circuit court ordered the record of Goolsby’s trial proceedings transcribed and made tne following finding of facts based on the stipulations of the attorneys.
“On June 18, 1975, Petitioner was convicted in the Circuit Court of Montgomery County, Alabama, of the offense of keeping false books on account, in violation of the Code of Alabama, Title 14, Section 219. Due notice of appeal was given immediately after trial.
“the Petitioner went to the court and requested that an attorney be appointed to handle his appeal since he was indigent. The court upon a finding that he was indigent stated that it would appoint Honorable Wayne Collier to handle the appeal. Due to confusion on the part of the Court and attorney Wayne Collier, the appointment was never entered in the record, and the appeal was not timely perfected. The Court hereby determines that the Honorable Wayne Collier did not represent the Petitioner on appeal and that it was through no fault of the Petitioner that a timely appeal was not perfected.” (Emphasis added).
The court took under advisement the final ruling on the petition for writ of error coram nobis pending the completion of the transcript.
On January 6, 1978, the circuit court again found that “the defendant, through no fault of his own, failed to perfect a timely appeal”. The court appointed an attorney to “appeal the defendant’s conviction”, and found Goolsby indigent and unable to pay the costs of the transcript. Again the court directed the court reporter to prepare the transcript. In concluding its order the circuit court ruled:
“It is the further ORDER, JUDGMENT and DECREE of the Court that upon the filing of the record this court grants the defendant, Dalton Ray Goolsby, leave to effect an out-of-time appeal.” (Emphasis added).
On February 6, 1978, the court reporter was given until February 13, 1978, to file the transcript as ordered.
Then on July 14, 1978, the circuit judge, without stating reason or explanation, denied the petition for writ of error coram nobis. From this denial Goolsby appeals.
Time and time again this court has held that there is no such creature as an “out-of-time appeal” in this state. Ellison v. State, 55 Ala.App. 50, 54, 312 So.2d 632 (1975). See also Seibert v. State, 343 So.2d 780, (Ala.Cr.App. 1975) reversed on other grounds, 343 So.2d 784 (Ala. 1976); Upshaw v. State, 50 Ala.App. 172, 277 So.2d 917, cert. denied, 291 Ala. 800, 277 So.2d 919 (1973); Ex parte Mitchell, 54 Ala.App. 203, 306 So.2d 296 (1974), cert. denied, 293 Ala. 767, 306 So.2d 298 (1975), cert. denied, 420 U.S. 980, 95 S.Ct. 1410, 43 L.Ed.2d 662 (1975). The circuit court has no power to extend the time for filing the record in this court where that court has, in fact, lost all jurisdiction over the cause. Flemings v. State, 40 Ala.App. 665, 667, 121 So.2d 116 (1960); Strange v. State, 52 Ala.App. 531, 294 So. 779 (1974).
*929 An appeal is deemed “perfected” if the defendant upon rendition of judgment expresses a desire to appeal. McDaniel v. State, 39 Ala.App. 157, 96 So.2d 319 (1957); Ex parte Loyd, 275 Ala. 416, 155 So.2d 519 (1963); Albert v. State, 274 Ala. 579, 150 So.2d 198 (1962). There is not here involved the matter of any “out-of-time appeal”. Messelt v. State, 351 So.2d 627 (Ala.Cr.App. 1977); Ellison, supra.
The record presents this court with a veritable Gordian’s Knot. In order that we may adequately review this cause and because we are desirous of ending the delay present in the prosecution of this appeal regardless of its cause, we remand the matter to the trial judge with the following instructions.
The trial judge is hereby directed to enter a written order or finding setting forth the reasons for the denial of the writ of error coram nobis and whether the request for appointed counsel, leave to prosecute the original appeal in forma pauperis, and determination of indigency were made within the time required by statute. Title 15, Section 380(16), Code of Alabama 1940, 1973 Cumulative Supplement; Ex parte Brawley, 275 Ala. 616, 157 So.2d 214 (1963).
Nothing in this order is intended to reflect on the propriety or impropriety of the trial judge’s ruling denying the petition for writ of error coram nobis.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON REMAND
BOWEN, Judge.
On remand, the circuit court granted the petition for writ of error coram nobis and restored the case to the docket. Consequently, the appeal is dismissed as moot.
APPEAL DISMISSED.
All Judges concur.