Willie McDaniel appeals from an order of the Cherokee Circuit Court "affirming" a district court's determination that probation imposed for the conviction of McDaniel on an earlier offense be revoked and McDaniel thereby committed to jail to serve his sentence. It appears that, on September 20, 1979, appellant had been convicted in the district court for violation of the prohibition law by being in possession of an unlawful quantity of alcoholic beverages, and had been sentenced to pay a fine and serve six months in the county jail. The term of incarceration was subsequently ordered suspended for the period of one year on the conditions that appellant "not engage in illegal alcoholic activity, that he not associate with persons involved in illegal alcoholic activity, and that he not be in the presence of illegal alcoholic activity" (R. 18).
On October 19, 1979, however, law enforcement officers entered certain buildings owned by appellant, and under authority of a warrant seized a large quantity of alcoholic beverages. This led to written notice being filed and served on appellant informing him that he had been in violation of the terms of his suspended sentence. On December 17, 1979, the district court convicted appellant of this second offense of violating the prohibition law, and immediately after that trial conducted a hearing, after which the court ordered appellant's prior probation revoked. Subsequent motions for habeas corpus and for a writ of error coram nobis were denied by the Circuit Court, and appellant appealed the revocation to the Circuit Court. That court in effect remanded the case to the district court for a determination that the requirements of Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975), had been complied with during the proceedings before that court.
On June 17, 1980, the district court returned a memorandum which detailed its compliance with Armstrong, and subsequently, on July 8, 1980, after a hearing, the Circuit Court affirmed the district court's order that appellant be committed to jail to serve the six months sentence.
 I
Appellant first contends that the procedures followed by the Circuit Court in first remanding the cause to the district court for the Armstrong determination and in then only affirming the trial court's decision were erroneous because the Circuit Court was required by statute to hold a trial de novo
on the issue of the probation revocation. The State argues that appellant's only recourse was to appeal the district court's determination to this Court in the first place, and therefore this appeal *Page 239 
should be dismissed as not being timely filed. The basis for appellant's argument is § 12-12-71, Code of Alabama 1975, which states:
 "Except as provided in section 12-12-72 and in subsection (e) of section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.
 "An appellant shall not be entitled to a jury trial in circuit court unless it is demanded in the notice of appeal, and an appellee shall have no right to a jury trial unless written demand is filed in circuit court within 14 days of service upon him of notice of appeal."
We do not think that this section affords appellant the right to a trial de novo from a probation revocation determined by a district court for several reasons. It seems clear that §12-12-71 was intended to provide an avenue by which criminal defendants or civil litigants might enjoy and be guaranteed their respective constitutional rights to a trial before a jury, which is certainly not contemplated in a probation revocation proceeding. Martin v. State, 46 Ala. App. 310,241 So.2d 339 (1970). By statute, both district and circuit courts enjoy the power to suspend imposed sentences or grant probation, see § 15-22-50, Code of Alabama 1975, and we do not see the logic in a system which would mandate that a circuit court go through the identical proceedings required of the district court when review in the nature of certiorari would be considered equally effective and certainly less duplicitous. Further, the existence of appeal is statutory, and we have not been cited to any section of the Code which expressly confers the right to a trial de novo in the circuit court, following the instance of a probation revocation by a district court. We feel that the method employed by the Circuit Court here, which was, in essence, a review of the district court's proceedings in the nature of certiorari, was quite proper. In the absence of a statute to the contrary, such is the correct method in such instances. See, Essix v. City of Birmingham, 54 Ala. App. 348, 308 So.2d 259 (1975), and authorities cited.
On the other hand, we decline to accept the State's rationale that § 12-12-72 provides an exception into which such situation conveniently fits; our study of that section does not demonstrate its applicability to the situation shown by this record. Appellant was therefore within his right to appeal the final decision of the Circuit Court to this Court.
 II
Appellant finally argues that the Circuit Court erroneously allowed evidence in the form of "bench notes purporting to show that appellant had been convicted of a second offense following his original conviction of violation of the prohibition law." We have examined the record and only find that properly certified judgment entries of appellant's original conviction and a number of prior convictions were introduced below. We find no error in this regard. See Palmer v. State, 54 Ala. App. 707, 312 So.2d 399 (1975); and Hall v. State, Ala.Cr.App.,352 So.2d 8, cert. denied, 352 So.2d 11 (Ala. 1977).
The determination of the Circuit Court that the district court was correct in revoking appellant's suspended sentence is
AFFIRMED.
All the Judges concur.