RUSSELL, Judge.
This is a consolidated case involving petitions for writs of mandamus.
Dennis Avery Swafford and Colin Bryan Gordon (drivers), in separate hearings in municipal court, were found guilty of the offense of driving under the influence of alcohol. The Department of Public Safety (DPS) then held administrative hearings concerning license suspensions as a result of the refusal of Swafford and Gordon to submit to breath tests at the time of arrest. The driver’s license of each was suspended by DPS for a period of ninety days.
The drivers petitioned for a hearing in the District Court of Madison County, pursuant to the provisions of Ala.Code 1975, § 32-5A-195(q) (1989 Repl.Vol.), which resulted in judgments for DPS. The drivers then appealed to the circuit court for trials de novo. DPS filed motions to dismiss, which were denied by the circuit court. DPS then petitioned this court for writs of mandamus, seeking orders to the circuit court to dismiss the appeals or, in the alternative, a ruling that the jurisdiction of the circuit court is limited to a review in the nature of certiorari of the district court’s proceedings. We deny the writs.
We note at the outset that “[m]an-damus is an extraordinary remedy and should not be granted unless the petitioner’s right to relief is clear and there is no other adequate remedy.” Ex parte Rogers, 533 So.2d 245, 246 (Ala.1988). To grant the writ, credible allegations, ironclad in nature, must exist, which show that the law binds the trial judge to do what the petitioner requests. Ex parte Hill, 508 So.2d 269 (Ala.Civ.App.1987).
We find the following code sections pertinent to this discussion:
Ala.Code 1975, § 32-5A-195(q) (1989 Repl.Vol.), provides:
“Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety except where such cancellation or revocation is mandatory under the provision of this article shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the district court, circuit court or court of like jurisdiction in the county wherein such person resides or in the case of cancellation, suspension or revocation of a nonresident’s operating privilege in the county in which the main office of the director of public safety is located, and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 30 days’ written notice to the director of public safety, and thereupon to take testimony and examine into *767 the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this section.”
Ala.Code 1975, § 12-12-71 (1986 Repl. Yol.), (appeals from district court to circuit court):
“Except as provided in section 12-12-72 and in subsection (e) of section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.”
Ala.Code 1975, § 12-12-72 (1986 Repl. Vol.), (exceptions to mandatory provisions of § 12-12-71):
“Appeals shall be directly to the appropriate appellate court if:
“(1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto; or
“(2) The parties stipulate that only questions of law are involved and the district court certifies the questions.”
DPS contends that the language of § 32-5A-195(q) allows a driver a non-jury judicial review in the forum of his choice, i.e., district court or circuit court, but was not intended to grant a driver a non-jury review in both courts on the identical issues and evidence and that to allow appeal under § 12-12-70 in a non-jury driver’s license suspension is duplicitous, not judicially economical, and contrary to the appellate court’s decision in the analogous case of McDaniel v. State, 397 So.2d 237 (Ala.Crim.App.1981). It is from its reliance on McDaniel that the certiorari review alternative is suggested by DPS.
In McDaniel, the Court of Criminal Appeals affirmed a circuit court’s review by certiorari of a district court’s judgment affirming a revocation of probation, stating in pertinent part as follows:
“[W]e do not see the logic in a system which would mandate that a circuit court go through the identical proceedings required of the district court when review in the nature of certiorari would be considered equally effective and certainly less duplicitous. Further, the existence of appeal is statutory, and we have not been cited to any section of the Code which expressly confers the right to a trial de novo in the circuit court, following the instance of a probation revocation by a district court. We feel that the method employed by the Circuit Court here, which was, in essence, a review of the district court’s proceedings in the nature of certiorari, was quite proper. In the absence of a statute to the contrary, such is the correct method in such instances.”
McDaniel, 397 So.2d at 239 (citations omitted).
Given the benefit of a record, such as in McDaniel, we might agree with the court’s statement of logic. However, it may well be that the review mechanism sanctioned there may apply only in criminal probation revocation cases. In McDaniel, the circuit court, before ruling, remanded the case to the district court for a determination that the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), had been complied with. One of several of the guidelines provided there was that “[a] defendant is entitled to a written statement by the fact finder as to the evidence relied on and the reasons for revoking his probation or parole.” Armstrong, 294 Ala. at 101, 312 So.2d at 623 (citations omitted). But for the guidelines in Armstrong, there would have been no record in McDaniel. If there had been no record, there would have been nothing for the circuit court to review on a petition for writ of certiorari. There is no record in the instant case. Therefore, we distinguish this case.
The law is settled that appeals are statutory. See State v. Bibby, 47 Ala.App. 240, 252 So.2d 662 (Ala.Crim.App.1971). While we do not have the benefit of briefs from the drivers, we note that there is no issue before us as to whether an appeal or review will lie from § 32-5A-195(q). Since the statute stops short of providing for such, we are guided by §§ 12-12-70, -71, and -72, which appear crystal clear and applicable here.
*768 The petitions for writs of mandamus are denied.
WRITS DENIED.
INGRAM, P.J., and ROBERTSON, J., concur.