The appellant, James Alex Stokley, appeals from the circuit court's refusal to grant certiorari review of the district court's revocation of his probation. Because the procedural posture of this case is quite confusing, a brief chronology of the events that occurred in the district court and circuit court is in order. The relevant facts are set forth below:
On October 26, 1995, the appellant was convicted in district court of driving under the influence, a violation of §32-5A-191(a)(2), Ala. Code 1975. The district court sentenced the appellant, who had two previous DUI convictions, to one year in jail, pursuant to § 32-5A-191(e), Ala. Code 1975. This sentence was split, and the appellant was ordered to serve 60 days in jail on 30 consecutive weekends, and was placed on two years' probation.
On December 14, 1995, the district court revoked the appellant's probation. On December 28, 1995, the appellant filed a notice of appeal with the circuit court clerk. (C.R.16.)
On March 19, 1997, almost two years after the appellant filed a notice of appeal with the circuit court clerk, the circuit court entered an order finding that the appellant had no right to a de novo appeal of his probation revocation. The record contains no explanation for the circuit court's delay in entering the order. The circuit court remanded the case to the district court for that court either to prepare the record for appeal to this Court or to certify that the circuit court's file constituted the entire record. (C.R.41.) The district court certified that the documents contained in the circuit court's file constituted the entire record. The circuit clerk then certified the record as complete and transmitted the case to this Court.
Although it is not clear from the record, it appears that the circuit court attempted to transfer the appellant's appeal of his probation revocation to this Court. Apparently, the circuit court was under the impression that the appellant's sole remedy was to take a direct appeal to this Court from the district court's order of probation revocation.[1] The appellant maintains, however, that he never intended to appeal directly to this Court. He further argues that the cause should therefore be remanded to the circuit court for it to conduct a certiorari review of the district court's action. We agree.
In McDaniel v. State, 397 So.2d 237, 239 (Ala.Cr.App.), writ denied, 397 So.2d 239 (Ala. 1981), this Court held that a circuit court's review of an appeal from a district court's order of probation revocation, as opposed to an appeal from a conviction, was not de novo, but was, instead, "in the nature of certiorari." The state suggests that, because certiorari review is discretionary with the reviewing court, the circuit court could summarily refuse to consider an appeal from a district court's order of probation revocation. Were this the case, the appellant's only means of review of the district court's action would be to appeal directly to this Court. However, in McDaniel, this Court discounted the state's argument that an aggrieved probationer's only recourse from a district court's order of probation revocation was a direct appeal to this Court. Instead, this Court held in McDaniel that the circuit court could and did properly review McDaniel's appeal from the district court's probation revocation, by conducting "a review of the district court's proceedings in the nature of certiorari." McDaniel at 239. This Court further stated that after the circuit court conducted its certiorari review of the district court's action and entered an order "affirming" the district court, the appellant was "within his right to appeal the final decision of the Circuit Court to this Court." McDaniel, at 239. *Page 86 
In the present case, the circuit court did not perform any review of the district court's order at all. The circuit court did not affirm, remand, or reverse the district court's action. Based on our decision in McDaniel, the circuit court should have conducted a limited review, in the nature of certiorari, of the district court's action and determined whether the order of probation revocation "was supported by any substantial evidence or whether [the] findings and conclusions are contrary to uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense." SeeEllard v. State, 474 So.2d 743, 750 (Ala.Cr.App. 1984), aff'd,474 So.2d 758 (Ala. 1985).
Accordingly, the judgment of the circuit court is reversed and the case remanded. The circuit court is directed to conduct a certiorari review of the district court's revocation of probation. If, after the appropriate review, the circuit court finds that the district court's action was proper, then it may "affirm" the action of the trial court and deny the appellant's appeal.
REVERSED AND REMANDED.
All the Judges concur.
[1] A direct appeal from the district court to this Court is governed by Rule 30.2, Ala.R.Crim.P., which provides:
 "An appeal from the district or municipal court shall go directly to the appropriate appellate court:
 "(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
 "(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."
See also § 12-12-72, Ala. Code 1975. *Page 444