COBB, Judge.
Paul F. Schoenberger appeals the Circuit Court of Morgan County’s refusal to review de novo the municipal court’s denial of his Rule 32, Ala.R.Crim.P., petition. The issue on appeal is whether a Rule 32 petition filed in a municipal court can be appealed to circuit court for de novo review. We hold that it can.
On January 9, 1997, Schoenberger was convicted of harassment in the municipal court, pursuant to a guilty plea. He did not seek de novo review of the municipal court’s judgment in the circuit court as permitted by Rule 30.1(a), Ala.R.Crim.P. On March 7, 1997, pursuant to Rule 32.10, Ala.R.Crim.P., Schoenberger filed a petition for post-conviction relief in the municipal court. Schoenberger claimed in his petition that his guilty plea was involuntary. The municipal court summarily denied the petition, and Schoenberger appealed from that denial to the circuit court pursuant to Rule 30.1(a), Ala.R.Crim.P., requesting de novo review of his Rule 32 petition.
*484 On August 31, 1998, the circuit court remanded the case to the municipal court with instructions to make specific findings of fact pursuant to 32.9, Ala.R.Crim.P. On October 15, 1998, the municipal court conducted an evidentiary hearing. Schoen-berger did not present any evidence at the hearing in support of his claims. He merely relied upon the “bare bones” allegations contained in his petition. The municipal court once again denied Schoenber-ger’s Rule 32 petition.
On March 31, 1999, the Morgan County Circuit court entered an order denying the relief requested in Schoenberger’s petition. In denying the petition, the circuit court noted that “this Court has seen no adverse ruling by the lower court after this matter was remanded pursuant to the Order entered herein on August 31, 1998.” (C. 17.) Schoenberger appealed the circuit court’s decision. On June 11, 1999, this Court dismissed Schoenberger’s appeal, stating:
“[T]he Morgan County Circuit Court has not yet entered a final order disposing of the appellant’s original de novo appeal, and for this reason, any attempted appeal to this Court is premature.
“Upon consideration of the above, the Court of Criminal Appeals, Orders that this appeal be and the same is hereby dismissed. However, in dismissing this appeal, this Court also notes that the appellant is entitled to a final judgment on his de novo appeal to the Decatur Circuit Court.”
(C. 38.)
Unknown to this Court, on May 28, 1999, the Morgan Circuit Court had entered the following order:
“Although the Municipal Court offered the Petitioner an evidentiary hearing, he declined to present anything more than the allegations set forth in his Rule 32 Petition. The Municipal Court then reviewfed] those allegations and concluded in the absence of evidence to the contrary that the Petitioner had failed to sustain his burden of proving that he was entitled to post-conviction relief.
This Court agrees with the findings and conclusions of the Municipal Court. The petitioner failed to provide an evi-dentiary basis in the lower court for the conclusory allegations in his Rule 32 petition. Therefore, the Order of the Municipal Court denying post-conviction relief to the Petitioner is affirmed. The Petitioner’s request for de novo review by this Court is denied and dismissed with prejudice.”
(C. 36)(emphasis added).
Upon receipt of this court’s June 11, 1999, order, the circuit court entered the following order, which states, in pertinent part:
“This Court is of the opinion that its May 28, 1999, order constituted a final judgment. As previously stated the order of the Municipal Court denying post conviction relief to Petitioner is affirmed .... ”
(C. 43.)
Schoenberger contends on appeal that the circuit court’s refusal to review his Rule 32 petition de novo was error. We agree. Rule 32.10, Ala.R.Crim.P., provides that “[a]ny party may appeal a decision of a district or municipal court according to existing procedure.” The “existing procedure” for a defendant’s appeal of a municipal court decision is found in Rule 30.1(a), Ala.R.Crim.P. See Ex parte City of Fort Payne, 628 So.2d 1036 (Ala.Crim.App. 1993). Rule 30.1(a) states:
“(a) Trial De Novo. A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo.”
The phrase “or the denial of a timely filed post-judgment motion,” indicates that the municipal court’s denial of a Rule 32 peti *485 tion may be appealed “to the circuit court for a trial de novo.”
Pursuant to Rule 32.2(c) Ala.R.Crim.P., said petition must be been filed “within two years after the time for filing an appeal lapses.” Schoenberger clearly filed his Rule 32 petition within the prescribed time period and was therefore entitled to appeal to the circuit court. By denying and dismissing with prejudice Shoenber-ger’s request for de novo review, the circuit court committed reversible error.
For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded for proceedings consistent with this opinion. Based on our disposition of this issue, there is no need to address the petitioner’s other contentions of error.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.