BASCHAB, Judge.
On April 10, 2002, the appellant, Sean Robert Scott, was convicted in the Jefferson District Court (“the district court”) of third-degree domestic violence. The district court sentenced him to serve a term of ninety days in jail, but suspended the sentence and placed him on unsupervised probation for twenty-four months. It also ordered him to pay a $50 fine and court costs and to attend an anger management class. The appellant did not appeal his conviction.
On April 27, 2004, the appellant filed a Rule 32 petition in the district court, challenging his conviction. In his petition, he argued that his sentence was not authorized by law because he did not waive his right to counsel and was not represented by counsel during the trial in this case. He also argued generally that the district court’s judgment was unlawful and not authorized. The district court entered the following order:
“The court has considered the Rule 32 [petition] and in light of the decision in [Ex parte] Shelton [, 851 So.2d 96 (Ala.2000),] hereby orders that the suspended sentence be vacated and removed from the record of the court and an amended transcript be made in this matter.”
*952 (C.R. 17.) The appellant then filed a notice of appeal to the Jefferson Circuit Court (“the circuit court”).
In the circuit court, the State filed a motion to dismiss, arguing that the district court had complied with Shelton by vacating the original suspended sentence and that the appellant was not entitled to any other relief. The circuit court conducted an evidentiary hearing, during which the appellant argued that his entire conviction, and not just his suspended sentence, was null and void. Thereafter, the circuit court entered the following order:
“A hearing was held on the Rule 32 petition. ... After hearing argument from both sides, the court is of the opinion that the motion to dismiss the Rule 32 petition is due to be granted. The facts of this case are almost identical to those in Shelton v. State [, 851 So.2d 83 (Ala.Crim.App.1998)]. Rule 32 petition is hereby dismissed.”
(C.R. 3-4.) This appeal followed.
As a threshold matter, we must determine what type of review the circuit court should have conducted in this case. In Schoenberger v. City of Decatur, 772 So.2d 483, 484-85 (Ala.Crim.App.2000), we held that, when a Rule 32 petitioner appeals a district court’s ruling on his petition to the circuit court, the circuit court should review the Rule 32 petition de novo, explaining as follows:
“Schoenberger contends on appeal that the circuit court’s refusal to review his Rule 32 petition de novo was error. We agree. Rule 32.10, Ala. R.Crim. P., provides that ‘[a]ny party may appeal a decision of a district or municipal court according to existing procedure.’ The ‘existing procedure’ for a defendant’s appeal of a municipal court decision is found in Rule 30.1(a), Ala. R.Crim. P. See Ex parte City of Fort Payne, 628 So.2d 1036 (Ala.Crim.App.1993). Rule 30.1(a) states:
“ ‘(a) Trial De Novo. A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo.’
“The phrase ‘or the denial of a timely filed post-judgment motion,’ indicates that the municipal court’s denial of a Rule 32 petition may be appealed ‘to the circuit court for a trial de novo.’ ”
Upon further review, we note that Rule 30.1(a), Ala. R.Crim. P., as set forth above, refers only to an appeal for a trial de novo from a judgment of conviction. See Committee Comments to Rule 30.1(a), Ala. R.Crim. P. (stating that “[t]he term ‘convicted’ in section (a) is used in its usual sense to connote a final judgment on a judicial finding of guilt or a plea of guilty”). We also note that, contrary to our holding in Schoenberger, the phrase “or the denial of a timely filed post-judgment motion” does not indicate that a municipal or district court’s denial of a Rule 32 petition may be appealed to the circuit court for a trial de novo. Rather, that phrase is included in Rule 30.1(a), Ala. R.Crim. P., as part of a clause that sets forth the time for filing an appeal to the circuit court for a trial de novo following a judgment of conviction in a municipal or district court. Finally, we note that Rule 30.1(a), Ala. R.Crim. P., does not make any reference to a de novo appeal in the context of a Rule 32 petition. Thus, the plain language of Rule 30.1(a), Ala. R.Crim. P., does not support the conclusion that, when a Rule 32 petitioner appeals a district court’s ruling on his petition to the circuit court, the circuit court should review the Rule 32 petition de novo. For these rea *953 sons, our holding in Schoenberger was incorrect, and we hereby expressly overrule it.
We must next determine what type of review a circuit court should conduct when a district court’s ruling on a Rule 32 petition is appealed to it. In McDaniel v. State, 397 So.2d 237, 238-39 (Ala.Crim.App.1981), we addressed a similar question in the context of an appeal to the circuit court from a district court’s revocation of probation as follows:
“Willie McDaniel appeals from an order of the Cherokee Circuit Court ‘affirming’ a district court’s determination that probation imposed for the conviction of McDaniel on an earlier offense be revoked and McDaniel thereby committed to jail to serve his sentence....
[[Image here]]
“Appellant first contends that the procedures followed by the Circuit Court in first remanding the cause to the district court for the Armstrong determination and in then only affirming the trial court’s decision were erroneous because the Circuit Court was required by statute to hold a trial de novo on the issue of the probation revocation. The State argues that appellant’s only recourse was to appeal the district court’s determination to this Court in the first place, and therefore this appeal should be dismissed as not being timely filed. The basis for appellant’s argument is § 12-12-71, Code of Alabama 1975, which states:
“‘Except as provided in section 12-12-72 and in subsection (e) of section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo. “ ‘An appellant shall not be entitled to a jury trial in circuit court unless it is demanded in the notice of appeal, and an appellee shall have no right to a jury trial unless written demand is filed in circuit court within 14 days of service upon him of notice of appeal.’
“We do not think that this section affords appellant the right to a trial de novo from a probation revocation determined by a district court for several reasons. It seems clear that § 12-12-71 was intended to provide an avenue by which criminal defendants or civil litigants might enjoy and be guaranteed their respective constitutional rights to a trial before a jury, which is certainly not contemplated in a probation revocation proceeding. Martin v. State, 46 Ala.App. 310, 241 So.2d 339 (1970). By statute, both district and circuit courts enjoy the power to suspend imposed sentences or grant probation, see § 15-22-50, Code of Alabama 1975, and we do not see the logic in a system which would mandate that a circuit court go through the identical proceedings required of the district court when review in the nature of certiorari would be considered equally effective and certainly less duplicitous. Further, the existence of appeal is statutory, and we have not been cited to any section of the Code which expressly confers the right to a trial de novo in the circuit court, following the instance of a probation revocation by a district court. We feel that the method employed by the Circuit Court here, which was, in essence, a review of the district court’s proceedings in the nature of certiorari, was quite proper. In the absence of a statute to the contrary, such is the correct method in such instances. See, Essix v. City of Birmingham, 54 Ala.App. 348, 308 So.2d 259 (1975), and authorities cited.”
See also Stokley v. State, 709 So.2d 84 (Ala.Crim.App.1997).
Likewise, the right to a trial by a jury is not contemplated in a Rule 32 proceeding. *954 Also, both district and circuit courts have the authority to entertain Rule 32 petitions. See generally Rules 32.1, 32.5, and 32.10, Ala. R.Crim. P. Further, neither the Code of Alabama nor the Alabama Rules of Criminal Procedure expressly confer the right to a trial de novo in the circuit court following a ruling on a Rule 32 petition by a district court. Therefore, we conclude that, on appeal from a district court’s ruling on a Rule 32 petition, a circuit court should conduct a limited review, in the nature of certiorari, of the district court’s action. See Stokley, supra; McDaniel, supra.
In this case, the circuit court entered an order in which it purported to dismiss the appellant’s Rule 32 petition. Thus, it appears at first blush that the circuit court conducted a de novo review of the petition. However, in that same order, and based on its comments set forth herein, the circuit court appears to have left the district court’s ruling on the petition intact. Viewing the record as a whole, then, the circuit court’s review was more in the nature of certiorari review of the district court proceedings, which was appropriate. We now turn to the merits of the circuit court’s ruling.
The appellant concedes that “the District Court, in vacating [his] suspended sentence and removing it from the record, did in fact comply with the precedent set forth in Shelton.” (Appellant’s brief at p. 15.) In Ex parte Shelton, 851 So.2d at 101-02, the Alabama Supreme Court stated:
“[W]e hold that the defendant in this case was entitled to representation by counsel because he was sentenced to a term of imprisonment, albeit suspended. We do not conclude that a defendant convicted of a petty or misdemeanor offense can establish a violation of his right to counsel when the defendant has not been sentenced to a term of imprisonment. ...
[[Image here]]
“Having held that a defendant who receives a suspended or probated sentence to imprisonment has a constitutional right to counsel, and having found that Shelton did not intelligently and understandingly waive that right and that he suffered a deprivation of that right, we affirm Shelton’s conviction but reverse that aspect of his sentence imposing 30 days of suspended jail time. The remaining aspects of the sentence are affirmed. We remand this cause to the Court of Criminal Appeals for that court to remand with instructions to the trial court to vacate that aspect of Shelton’s sentence imposing the suspended jail time.”
In Alabama v. Shelton, 535 U.S. 654, 661—62, 122 S.Ct. 1764, 1769-70, 152 L.Ed.2d 888 (2002), the United States Supreme Court affirmed the Alabama Supreme Court’s judgment, explaining as follows:
“In Gideon v. Wainwright, 372 U.S. 335, 344-345 (1963), we held that the Sixth Amendment’s guarantee of the right to state-appointed counsel, firmly established in federal-court proceedings in Johnson v. Zerbst, 304 U.S. 458 (1938), applies to state criminal prosecutions through the Fourteenth Amendment. We clarified the scope of that right in Argersinger, holding that an indigent defendant must be offered counsel in any misdemeanor case ‘that actually leads to imprisonment.’ 407 U.S., at 33. Seven Terms later, Scott confirmed Argersinger’s ‘delimitation],’ 440 U.S., at 373. Although the governing statute in Scott authorized a jail sentence of up to one year, see id., at 368, we held that the defendant had no right to state-appointed counsel because the sole sentence actually imposed on *955 him was a $50 fíne, id., at 873. ‘Even were the matter res nova,’ we stated, ‘the central premise of Argersinger— that actual imprisonment is a penalty-different in kind from fines or the mere threat of imprisonment — is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel’ in nonfelony cases. Ibid.
“Subsequent decisions have reiterated the Argersinger-Scott .‘actual imprisonment’ standard. See, e.g., Glover v. United States, 531 U.S. 198, 203 (2001) (‘any amount of actual jail time has Sixth Amendment significance’); M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996); Nichols v. United States, 511 U.S. 738, 746 (1994) (constitutional line is ‘between criminal proceedings that resulted in imprisonment, and those that did not’); id., at 750 (Souter, J., concurring in judgment) (‘The Court in Scott, relying on Argersinger [,] drew a bright line between imprisonment and lesser criminal penalties.’); Lassiter v. Department of Social Servs. of Durham Cty., 452 U.S. 18, 26 (1981). It is thus the controlling rule that ‘absent a knowing and intelligent waiver, no person may be imprisoned for any offense ... unless he was represented by counsel at his trial.’ Argersinger, 407 U.S., at 37.
[[Image here]]
“Applying the ‘actual imprisonment’ rule to the case before us, we take up first the question we asked amicus to address: Where the State provides no counsel to an indigent defendant, does the Sixth Amendment permit activation of a suspended sentence upon the defendant’s violation of the terms of probation? We conclude that it does not. A suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense. The uncounseled conviction at that point ‘result[s] in imprisonment,’ Nichols, 511 U.S., at 746; it ‘end[s] up in the actual deprivation of a person’s liberty,’ Argersinger, 407 U.S., at 40. This is precisely what the Sixth Amendment, as interpreted in Argersinger and Scott, does not allow.”
The Supreme Court further noted:
“It is for the Alabama Supreme Court to consider before this Court does whether the suspended sentence alone is invalid, leaving Shelton’s probation term freestanding and independently effective. See Hortonville Joint School Dist. No. 1 v. Hortonville Ed. Assn., 426 U.S. 482, 488 (1976) (“We are, of course, bound to accept the interpretation of [the State’s] law by the highest court of the State.’) We confine our review to the ruling the Alabama Supreme Court made in the case as presented to it: ‘[A] defendant who receives a suspended or probated sentence to imprisonment has a constitutional right to counsel.’ App. 40 (emphasis added); see Brief for Petitioner 6. We find no infirmity in that holding.”
535 U.S. at 674, 122 S.Ct. 1764. We agree that the district court complied with the Alabama Supreme Court’s decision in Ex parte Shelton when it vacated the appellant’s suspended sentence.
The appellant argues that, because he did not voluntarily waive his right to counsel when he entered his guilty plea, he is entitled to have his conviction and all remaining portions of his sentence vacated. Specifically, he contends that, “[b]y upholding the remaining sentence, ... the court is depriving [him] of certain rights and freedoms beyond those deprived by imprisonment.” (Appellant’s brief at p. 19.)
*956 It appears that the appellant’s argument may be meritorious. In this regard, during the evidentiary hearing, the circuit court stated:
“Well, based on Shelton v. State, I’m going to grant the motion to dismiss filed by the district attorney’s office.
“As we were speaking before we went on the record, if I were on the U.S. Supreme Court or the Alabama Supreme Court, I would have voted differently. I think that it’s such an elementary right and such an important one to be advised of your right to counsel in any criminal case, that I would have done it different[ly].
“I think I’m bound by Shelton v. State. The facts appear to be very, very closely aligned. And it appears the district court followed Shelton v. State.
“Although the U.S. Supreme Court talks about deprivation of liberty, ... sometimes the offense itself, the jail time is the least of the problem, such as in the domestic violence case where an individual loses the right to bear arms. This could be a sexual abuse or an indecent exposure case, both of which are misdemeanors, and you could keep somebody from having jail time if they didn’t have counsel, but under Shelton the sentence would still stand if they were found guilty and then they’re going to register as a sex offender for the rest of their life. I don’t think a week or two in jail — I think most of them would trade that to get rid of being labeled a sex offender or to have a right to have a gun permit.
“So I think that there’s a lot of rights that are being suspended and abrogated by individuals not being apprised of their right to counsel. However, I’m on neither of those courts and don’t get a vote.
“Maybe this court’s ruling will be appealed, and you’ll be successful in getting those justices to change their mind, because I think it’s a very simple thing for the judge either in district court or a trial judge in circuit court, a two- or three-minute procedure, to make sure that the defendant’s know they have those rights and either waive them in writing or verbally. I think it’s a small undertaking to make sure that they’ve got rights to counsel, because again my personal view is, is that you’re going to be incarcerated, and that seems like a compromise for taking away a very basic right that each defendant has.”
(R. 14-16.)
Like the circuit court, this court is bound by the decisions of the Alabama Supreme Court. See § 12-3-16, Ala.Code 1975 (providing that “[t]he decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the Supreme Court as provided by Constitutional Amendment No. 328”). Therefore, we are not in a position to reverse that court’s decision in Ex parte Shelton and grant the appellant the relief he requests.
For the above-stated reasons, we affirm the circuit court’s judgment.
AFFIRMED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs in part and concurs in the result, with opinion.
SHAW, Judge, concurring in part and concurring in the result.
I concur to overrule Schoenberger v. City of Decatur, 772 So.2d 483 (Ala.Crim.App.2000), and to hold that, on appeal from a district court’s ruling on a Rule 32 *957 petition, a circuit court should conduct a limited review, in the nature of certiorari review, of the district court’s action. With respect to the remainder of the opinion, I concur only in the result.